## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding

12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| 1. | Debtor's name | **Nexii Building Solutions Inc.** |
|---|---|---|

**2. Debtor's unique identifier**

**For non-individual debtors:**

☑ Federal Employer Identification Number **721550911**

☐ Other ____. Describe identifier ____.

**For individual debtors**

☐ Social Security Number: ____

☐ Individual Taxpayer Identification Number (ITIN): ____

☐ Other ____. Describe identifier ____.

**3. Name of foreign representative(s)**

**Nexii Building Solutions Inc.**

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

**Proceeding under Sections 9, 11, 11.51, 11.52 and 23 of the Companies' Creditors Arrangement Act pending before the Supreme Court of British Columbia.**

**5. Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding

☐ Foreign nonmain proceeding

☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending).

☑ Yes

**8. Others entitled to notice**   Attach a list containing the names and addresses of:

    (i)  all persons or bodies authorized to administer foreign proceedings of the debtor,

    (ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

    (iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Canada

**Debtor's registered office:**

1455 W. Georgia Street
Vancouver, BC V6G 2T3
<sub>P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code</sub>

Canada
<sub>Country</sub>

**Individual debtor's habitual residence:**

<sub>P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code</sub>

<sub>Country</sub>

**Address of foreign representative(s):**

1455 W. Georgia Street
Vancouver, BC V6G 2T3
<sub>P.O. Box, Number, Street, City, State/Province/Region & ZIP/Postal Code</sub>

`Canada
<sub>Country</sub>

---

**10. Debtor's website** (URL)   **https://www.nexii.com/**

---

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

    ☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ☐ Partnership

    ☐ Other. Specify: _____

☐ Individual

---

**12. Why is the venue proper one: in *this district*?**

*Check one:*

☐ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district.

☑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

 Chapter 15 cases of affiliates are pending in this district.

---

**13. Signature of foreign representative(s)**

I request relief in accordance with the chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct,

*William Tucker (Jan 10, 2024 19:46 PST)*

Signature of foreign representative

William Tucker, Acting Chief Executive Officer
Nexii Building Solutions Inc.

Printed name

Executed on      01/11/2024
        MM / DD / YYYY

**X** _____

Signature of foreign representative                Printed name

Executed on _____
        MM / DD / YYYY

---

**14. Signature of attorney**

**X** _____        Date    01/11/2024
Signature of Attorney for foreign representative            MM / DD / YYYY

**Steven W. Golden**
Printed name

**Pachulski Stang Ziehl & Jones LLP**

Firm name

**919 North Market Street, 17th Floor Wilmington, DE 19899-8705**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| NEXII BUILDING SOLUTIONS INC., et al.,[1] | Case No. _____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

The following corporate ownership statement is made pursuant to Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure:

- No corporate entities own 10% or more in any class of Nexii Building Solutions Inc. equity interests.[2]

- Each of Debtors Nexii Construction Inc., NBS IP Inc., and Nexii Holdings Inc. are wholly-owned by Nexii Building Solutions Inc.

*[Remainder of page intentionally left blank.]*

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Nexii Building Solutions Inc. (0911), Nexii Construction Inc. (1333), NBS IP Inc. (9930), and Nexii Holdings Inc. (5873). The Debtors' service address for purposes of these Chapter 15 Cases is 1455 West Georgia Street, #200, Vancouver, British Columbia V6G 2T3.

[2] According to the Debtors' books and records, as of the Petition Date, Stephen Sidwell holds approximately 29.227% of NBSI's common stock, Michael Dombowsky holds 13.366% of NBSI's common stock, and Benedict Dombowsky and Shelly Dombowsky jointly hold approximately 13.040% of NBSI's common stock. According to the Debtors' books and records, the foregoing individuals' holdings are administered through Canaccord Genuity Corporation.

I declare under penalty of perjury under the laws of the United States of America that the information in the attached list is true and correct.

Nexii Building Solutions, Inc.
Solely in its capacity as court-appointed Foreign Representative, and not in its personal or corporate capacity

Dated: January 11, 2024
Vancouver, British Columbia, Canada

_William Tucker (Jan 10, 2024 19:46 PST)

By:  William Tucker
Title:  Acting Chief Executive Officer
Nexii Building Solutions, Inc.

DE:4887-3347-2923.1 60009.00001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| NEXII BUILDING SOLUTIONS INC., et al.,[1] | Case No. _____ |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

## CONSOLIDATED VERIFIED LIST
## PURSUANT TO FED. R. BANKR. P. 1007(a)(4), 1008, AND 2002(q)

Pursuant to Rules 1007(a)(4), 1008, and 2002(q), the attached list contemplates each of

the following:

    (i)    all persons or bodies authorized to administer foreign proceedings of the Debtors;

    (ii)    all parties to litigation pending in the United States in which any Debtor is a party at the time of filing of the petition; and

    (iii)    all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Nexii Building Solutions Inc. (0911), Nexii Construction Inc. (1333), NBS IP Inc. (9930), and Nexii Holdings Inc. (5873). The Debtors' service address for purposes of these Chapter 15 Cases is 1455 West Georgia Street, #200, Vancouver, British Columbia V6G 2T3.

I declare under penalty of perjury under the laws of the United States of America that the information in the attached list is true and correct.

Nexii Building Solutions, Inc.
Solely in its capacity as court-appointed Foreign Representative, and not in its personal or corporate capacity

Dated: January 11, 2024
Vancouver, British Columbia, Canada

William Tucker (Jan 10, 2024 19:46 PST)

By: William Tucker
Title: Acting Chief Executive Officer  Nexii Building Solutions, Inc.

<u>**List of Entities Entitled to Notice**</u>
<u>**Pursuant to Bankruptcy Rules 1007(a)(4) and 2002(g)**</u>

**All persons or bodies authorized to administer foreign proceedings of the Debtors.**

Nexii Building Solutions, Inc.
1455 W. Georgia St.
Vancouver, BC V6G 2T3
Canada

**All parties to litigation pending in the United States in which a Debtor is a party at the time of filing of the petition.**

Daniel Metzler
c/o Sullivan Hazeltine Allinson LLC
Attn: William D. Sullivan
919 N. Market Street, Suite 420
Wilmington, DE 19801

Daniel Metzler
c/o Silverang Rosenzweig & Haltzman
Attn: Mark S. Haltzman and William Carl Katz
900 E. 8th Avenue, Suite 300
King of Prussia, PA 19406

John Wolfington
c/o Sullivan Hazeltine Allinson LLC
Attn: William D. Sullivan
919 N. Market Street, Suite 420
Wilmington, DE 19801

John Wolfington
c/o Silverang Rosenzweig & Haltzman
Attn: Mark S. Haltzman and William Carl Katz
900 E. 8th Avenue, Suite 300
King of Prussia, PA 19406

NexUS Manager, LLC
c/o Sullivan Hazeltine Allinson LLC
Attn: William D. Sullivan
919 N. Market Street, Suite 420
Wilmington, DE 19801

NexUS Manager, LLC

c/o Silverang Rosenzweig & Haltzman
Attn: Mark S. Haltzman and William Carl Katz
900 E. 8th Avenue, Suite 300
King of Prussia, PA 19406

Nex-Stock, LLC
c/o Silverang Rosenzweig & Haltzman
Attn: Mark S. Haltzman and William Carl Katz
900 E. 8th Avenue, Suite 300
King of Prussia, PA 19406

NexUS 1, LLC
c/o Sullivan Hazeltine Allinson LLC
Attn: William D. Sullivan
919 N. Market Street, Suite 420
Wilmington, DE 19801

NexUS 1, LLC
c/o Silverang Rosenzweig & Haltzman
Attn: Mark S. Haltzman and William Carl Katz
900 E. 8th Avenue, Suite 300
King of Prussia, PA 19406

NexUS 1, LLC
700 S. Henderson Road, Suite 200
King of Prussia, PA 19406

Stephen Sidwell
#208 - 3993 Henning Dr.
Burnaby, BC V5C 6P7


**All entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.**[2]

*Attached*

---

[2] The information set forth therein is based on the Foreign Representative's review of the Debtors' books and records. The Foreign Representative reserves the right to modify or supplement any of the information provided, effective retroactive to the Petition Date.

| Name | Address1 | Address2 | City | State/Province | ZIP | Country | Email |
|---|---|---|---|---|---|---|---|
| 3D Steel Corp | 841 Chestnut St | | SALT LAKE CITY | UT | 84104 | UNITED STATES | |
| 5930 INVESTMENTS LLC | 610 ALEXANDRA AVE | | RICHARDSON | TX | 75081-4998 | UNITED STATES | |
| AARON GERMUTH | 656 WILLOWGATE ST | | MOUNTAIN VIEW | CA | 94043-4816 | UNITED STATES | |
| ABURA INVESTMENTS LLC | PO BOX 7759 | | KETCHUM | ID | 83340-7152 | UNITED STATES | |
| ACCESS VENTURES HOLDCO LLC | 101 AVENUE OF THE AMERICAS | FL 9 | NEW YORK | NY | 10013-1905 | UNITED STATES | |
| ACP-LAURICH PARTNERSHIP LTD | 800 N MAGNOLIA AVE | STE 1625 | ORLANDO | FL | 32803-3258 | UNITED STATES | |
| ADAM P FARVER AND DORSEY & WHITNEY TRUST COMPANY LLC TR | | | | | | | |
| ADAM PAUL FARVER 2001 IRREV TRUST | 401 E 8TH ST STE 319 | | SIOUX FALLS | SD | 57103-7031 | UNITED STATES | |
| ADAM PAUL FARVER AND DORSEY & WHITNEY TRUST COMPANY LLC TR | | | | | | | |
| CHARLES JACOB FARVER 2016 SPOUSAL TRUST | | | | | | | |
| | 401 E 8TH ST STE 319 | | SIOUX FALLS | SD | 57103-7031 | UNITED STATES | |
| Advanced Formliners, LLC | 501 Eagle Court | | Onalaska | WI | 54650 | UNITED STATES | |
| ADVISOR SERVICES GROUP LLC | | | | | | | |
| | 900 PACIFIC STREET | STE 132 | STAMFORD | CT | 06902 | UNITED STATES | |
| ALLEN HOPKINS & KATHY HOPKINS JT TEN | 1129 RAHARA DR | | LAFAYETTE | CA | 94549-2720 | UNITED STATES | |
| ALP Steel Corp | 450 Exchange Street | | BUFFALO | NY | 14210 | UNITED STATES | |
| ANDREW BISHOP | 336 RIVERSIDE DR | APT 5A | NEW YORK | NY | 10025-3498 | UNITED STATES | |
| AP ThermoForming LLC | 1035 Little Gap Highway | | PALMERTON | PA | 18071 | UNITED STATES | |
| ARIANA DEDIANKO | 639 ROSE AVE | APT 4 | VENICE | CA | 90291-5732 | UNITED STATES | |
| Arthur J Gallagher Risk Management Services LLC | LBX 95792- 141 W. Jackson Blvd, Suite 1000 | | CHICAGO | IL | 60604 | UNITED STATES | |
| Azelis Construction Solutions | 154 Pioneer Drive | | Leominter | MA | 01453 | UNITED STATES | |
| Bay Capital Advisors Inc | One Embarcadero Center | | San Francisco | CA | 94111 | UNITED STATES | |
| BBLAZE LLC | 216 AVENIDA FABRICANTE | STE 101 | SAN CLEMENTE | CA | 92672-7559 | UNITED STATES | |
| BENJAMIN SCOTT WEISSBERG | 6 SAVANNAH LN | | LADERA RANCH | CA | 92694-0739 | UNITED STATES | |
| BENJAMIN WICKES FARVER 2001 IRREV TRUST | | | | | | | |
| DTD 8/21/86 | 401 E 8TH ST | STE 319 | SIOUX FALLS | SD | 57103-7031 | UNITED STATES | |
| Blank Rome LLP | One Logan Square 130 North 18th Street | | Philadelphia | PA | 19103-6998 | UNITED STATES | |
| BRENDAN MCDONALD | 2404 RALEIGH RD | | HUMMELSTOWN | PA | 17036-8719 | UNITED STATES | |
| BRETT BOSSUNG | 28 W 69TH ST | | NEW YORK | NY | 10023-5238 | UNITED STATES | |
| | | | | | | UNITED STATES | |
| Bynder Digital Asset Management | 321 Summer St, Floor 1 | | BOSTON | MA | 02210 | UNITED STATES | |
| C.P. Ward, Inc. | 100 W River Rd | | SCOTTSVILLE | NY | 14546 | UNITED STATES | |
| Cake Creative LLC | 1238 East Vinedo Lane | | TEMPE | AZ | 85284 | UNITED STATES | |
| Capstone Corporate Finance | PO Box 843014 | | BOSTON | MA | 02284-3014 | UNITED STATES | |
| Celanese Sales US Ltd | 222 W. Las Colinas Blvd, Suite 900N | | IRVING | TX | 75039 | UNITED STATES | |
| CertaPro Painters of Westchester & Southern CT | 532 Bedford Rd Suite #5 | | BEDFORD HILLS | NY | 10507 | UNITED STATES | |
| CertaPro Painters of WNY | 829 Sheridan Dr. | | TONAWANDA | NY | 14150 | UNITED STATES | |
| CHARLES S FARVER | 411 COOK ST | | DENVER | CO | 80206-4424 | UNITED STATES | |
| CHARLES S FARVER 2008 GST EXEMPT FAMILY | | | | | | | |
| TRUST DTD 12/6/08 | 401 E 8TH ST | STE 319 | SIOUX FALLS | SD | 57103-7031 | UNITED STATES | |
| CHRISTIAN RUTLEDGE | 23 PARK ST | APT 8 | BROOKLYN | NY | 11206-4516 | UNITED STATES | |
| CHRISTOPHER GUTEK | 2137 NEW TOWN DR NE | | GRAND RAPIDS | MI | 49525-3913 | UNITED STATES | |
| CHRISTOPHER GUTEK | 2137 NEW TOWN DR NE | | GRAND RAPIDS | MI | 49525-3913 | UNITED STATES | |
| Computers & Structures, Inc (csiamerica) | 1646 North California Blvd Suite 600 | | WALNUT CREEK, CA 94596 | CA | | UNITED STATES | |
| Concur Technologies Inc. | 601 108th Ave NE Unit 1000 | | Bellevue | WA | 98004 | UNITED STATES | |
| Construction Distribution and Supply Corporation | 24 Symington Place | | ROCHESTER | NY | 14611 | UNITED STATES | |
| COSTEL SERBEA | 10142 SWEETGRASS CIR | UNIT 405 | NAPLES | FL | 34104-0926 | UNITED STATES | |
| CTS Cement | 12442 Knott Street | | Garden Grove | CA | 92841 | UNITED STATES | |
| CVP - Cincinnati DB, LLC c/o Cole Valley Partner | | | | | | | |
| Attn: Braden Bernards | 2188 Park Place, Suite 100 | | Portland | OR | 97205 | UNITED STATES | braden.bernards@cvpre.com |
| DANIEL METZLER | | | | | | | |
| C/O SILVERANG ROSENZWEIG & HALTZMAN | | | | | | | MHALTZMAN@SANDDLAWYERS.COM ; |
| ATTN: MARK S. HALTZMAN AND WILLIAM CARL KATZ | 900 E. 8TH AVENUE | SUITE 300 | KING OF PRUSSIA | PA | 19406 | UNITED STATES | WKATZ@SANDDLAWYERS.COM |
| DANIEL METZLER | | | | | | | |
| C/O SULLIVAN HAZELTINE ALLINSON LLC | | | | | | | |
| ATTN: WILLIAM D. SULLIVAN | 919 N. MARKET STREET | SUITE 420 | WILMINGTON | DE | 19801 | UNITED STATES | BSULLIVAN@SHA-LLC.COM |
| DANIELLE CHRISTINA KLICK | 8654 POPLAR BRIDGE CURV | | BLOOMINGTON | MN | 55437-1441 | UNITED STATES | |
| DAVID A BRYANT TR | | | | | | | |
| CHARLES G SWEM TRUST | 55 E MONROE ST | STE 1460 | CHICAGO | IL | 60603-5802 | UNITED STATES | |
| DAVID JOSEPH WEISSBERG | 508 N BURLINGTON AVE | | LOS ANGELES | CA | 90026-4133 | UNITED STATES | |
| DAVID SCOTT TAYLOR | 5911 GRAND LEGACY DR | | MAINEVILLE | OH | 45039-6701 | UNITED STATES | |
| DAVID SIMPSON | 17350 W SUNSET BLVD | PH 2 | PACIFIC PALISADES CA 90272-3015 | CA | 90272-3015 | UNITED STATES | |
| DB Ink | 345 E 93rd St, Ste. 11D | | New York | NY | 10128 | UNITED STATES | |
| DEBRA BEDELL | 85 E END AVE | APT 5K | NEW YORK | NY | 10028-8095 | UNITED STATES | |
| DEBRA J DRYDEN | 5645 LA SALLE AVE | | OAKLAND | CA | 94611-3215 | UNITED STATES | |
| DENNIS CAREY | 437 W SMUGGLER ST | | ASPEN | CO | 81611-1258 | UNITED STATES | |
| DIETEL PARTNERS LLC 401K PROFIT SHARING | | | | | | | |
| PLAN TR | | | | | | | |
| VICTORIA D HOPPS A/C 26-0792651 | 11 GLENVIEW RD | | CUMBERLAND CENTER | ME | 04021-3944 | UNITED STATES | |
| Dorsey & Whitney LLP | P.O. Box 1680 | | Minneapolis | MN | 55480-1680 | UNITED STATES | |
| DUGAL SMITH | 1768 CHADWICKE CIR | | NAPERVILLE | IL | 60540-0399 | UNITED STATES | |
| Duncan Mobile Wash | 7646 Rome-Oriskany Rd | | ROME | NY | 13440 | UNITED STATES | |
| EDWARD STEPHEN TEMKO | 1635 NASELLA LN | | SAN LUIS OBISPO | CA | 93405-4765 | UNITED STATES | |
| ELAINE WILKES | 1401 BURR OAK RD | APT 208B | HINSDALE | IL | 60521-2944 | UNITED STATES | |
| ELEFTHERIOS MONIS | 149 S EDINBURGH AVE | | LOS ANGELES | CA | 90048-3605 | UNITED STATES | |
| Embree Construction Group | 4747 Williams Drive | | Georgetown | TX | 78633 | UNITED STATES | bnewnam@embreegroup.com |
| EMILY ROTHENBERG-LEHRER & BOBBIE RIMEL JT TEN | 1024 STEARNS DR | | LOS ANGELES | CA | 90035-2639 | UNITED STATES | |
| Entuitive US | 28 West 44th Street, Suite 1118 | | New York | NY | 10036 | UNITED STATES | |
| ERIC ROVNER | 18147 ANDREA CIR N | UNIT 1 | NORTHRIDGE | CA | 91325-1133 | UNITED STATES | |
| ERIC SARTWELL | 1421 MANHATTAN AVE | | HERMOSA BEACH | CA | 90254-3663 | UNITED STATES | |
| ESC Partners, a Joint Venture | | | | | | | |
| C/O TISHMAN CONSTRUCTION COMPANY OF NY dba AECOM TISHMAN | 100 PARK AVENUE | | NEW YORK | NY | 10017 | UNITED STATES | |

| Name | Address | Unit | City | State | Zip | Country | Email |
|---|---|---|---|---|---|---|---|
| F-4 FAMILY LIMITED PARTNERSHIP | 1206 FARVIEW RD | | VILLANOVA | PA | 19085-2038 | UNITED STATES | |
| Fastenal Company | P.O. Box 1286 | | WINONA | MN | 55987 | UNITED STATES | |
| Fox Swibel Levin & Carroll LLP | 300 W. Madison Street - Suite 3000 | | CHICAGO | IL | 60606 | UNITED STATES | |
| FREDERICK WILLIAM MCNABB III | 250 WOODLAND RD | | WAYNE | PA | 19087-2452 | UNITED STATES | |
| Freightquote by CH Robinson | 901 W. Carondelet Dr. | | KANSAS CITY | MO | 64114 | UNITED STATES | |
| FTI Consulting, Inc. | 16701 Melford Blvd., Suite 200 | | BOWIE | MD | 20715 | UNITED STATES | |
| GARY A STEINHAUER | 3414 NOLL VALLEY CIR | | VERONA | WI | 53593-8720 | UNITED STATES | |
| Gilson Company Inc | 7975 North Central Drive | | LEWIS CENTER | OH | 43035 | UNITED STATES | |
| GRANT BURWASH | 2900 W DALLAS ST | APT 446 | HOUSTON | TX | 77019-4278 | UNITED STATES | |
| Hamilton Marine Searsport | 155 EAST MAIN ST | | SEARSPORT | ME | 04974 | UNITED STATES | |
| Hanes Supply Inc | 55 James E Casey Dr | | BUFFALO | NY | 14206 | UNITED STATES | |
| Hargett Materials Inc | 6012 Windsor Dr. | | Milan | TN | 38358 | UNITED STATES | |
| HARVEY R BRICE | 15 W 81ST ST | | NEW YORK | NY | 10024-6022 | UNITED STATES | |
| HAZELTON OZF LLC | 4 GATEHALL DR | | PARSIPPANY | NJ | 07054-4518 | UNITED STATES | |
| Hodgson Russ LLP | 140 Pearl Street, Suite 100 | | Buffalo | NY | 14202-4040 | UNITED STATES | |
| HONEYWELL INTERNATIONAL INC | 300 S TRYON ST | | CHARLOTTE | NC | 28202-1040 | UNITED STATES | |
| HORIZON CREDIT II LLC | 312 FARMINGTON AVENUE | | FARMINGTON | CT | 06032 | UNITED STATES | |
| HORIZON FUNDING I, LLC | 312 FARMINGTON AVENUE | | FARMINGTON | CT | 06032 | UNITED STATES | |
| Horizon Technology Finance Corporation | 312 Farmington Ave | | Farmington | CT | 06032 | UNITED STATES | |
| HORIZON TECHNOLOGY FINANCE CORPORATION | 312 FARMINGTON AVENUE | | FARMINGTON | CT | 06032 | UNITED STATES | |
| Houston Harbaugh | Three Gateway Center 401 Liberty Ave. FL22 | | Pittsburg | PA | 15222-1005 | UNITED STATES | |
| Hunters Point Agency LLC | 1190 Princeton Lane | | West Chester | PA | 19380 | UNITED STATES | |
| IAN MCDONALD | 568 STRATFIELD RD | | FAIRFIELD | CT | 06825-1850 | UNITED STATES | |
| ICC-ES | 3060 Saturn Street | | Brea | CA | 92821 | UNITED STATES | |
| Inceptra | 1900 N. Commerce Parkway, Weston | | FORT LAUDERDALE | FL | 33326 | UNITED STATES | |
| Intralinks, Inc | 685 , 3rd Ave, 9th floor | | New York | NY | 100717 | UNITED STATES | |
| INVESTCORP GREEN LIMITED | 280 PARK AVE | | NEW YORK | NY | 10017-1274 | UNITED STATES | |
| IVAN ALADZAJKOV | 11 WILLIAMSBURG CT | | WAYNE | NJ | 07470-2939 | UNITED STATES | |
| JAMES DUDT | 369 LETHERMAN BRIDGE RD | | SCENERY HILL | PA | 15360-1838 | UNITED STATES | |
| JEFFREY O'NEILL | 5 WIDBERG LN | | CANTON | MA | 02021-3920 | UNITED STATES | |
| JESSICA LYNN WEISSBERG | 245 LAGO CIR | APT 105 | WEST MELBOURNE | FL | 32904-3370 | UNITED STATES | |
| JEWELLE V THORNTON | 5118 DE LONGPRE AVE | APT 214 | LOS ANGELES | CA | 90027-5721 | UNITED STATES | |
| Jobot | PO Bx 31001-2434 | | PASADENA | CA | 91110 | UNITED STATES | |
| JOHN CATALANO | 17 N SALEM RD | | RIDGEFIELD | CT | 06877-3805 | UNITED STATES | |
| | | | | | | UNITED STATES | |
| JOHN E JOYCE | 12200 NW 68TH CT | | PARKLAND | FL | 33076-3340 | UNITED STATES | |
| JOHN GERTZ | 1009 MARIPOSA AVE | | BERKELEY | CA | 94707-2409 | UNITED STATES | |
| JOHN RILEY | 129 W BLEEXER ST | | ASPEN | CO | 81611-1421 | UNITED STATES | |
| JOHN RS MCFARLANE | 13050 E SADDLEHORN TRL | | SCOTTSDALE | AZ | 85259-5347 | UNITED STATES | |
| JOHN TRENHOLME | 195 13TH ST NE | UNIT 1412 | ATLANTA | GA | 30309-5036 | UNITED STATES | |
| JOHN WOLFINGTON | | | | | | | |
| C/O SILVERANG ROSENZWEIG & HALTZMAN | | | | | | | MHALTZMAN@SANDDLAWYERS.COM |
| ATTN: MARK S. HALTZMAN AND WILLIAM CARL KATZ | 900 E. 8TH AVENUE | SUITE 300 | KING OF PRUSSIA | PA | 19406 | UNITED STATES | WKATZ@SANDDLAWYERS.COM |
| JOHN WOLFINGTON | | | | | | | |
| C/O SULLIVAN HAZELTINE ALLINSON LLC | | | | | | | |
| ATTN: WILLIAM D. SULLIVAN | 919 N. MARKET STREET | SUITE 420 | WILMINGTON | DE | 19801 | UNITED STATES | BSULLIVAN@SHA-LLC.COM |
| Johnston Burkholder Associates (JBA) | 93 0 CENTRAL STREET | | KANSAS CITY | MO | 64105 | UNITED STATES | |
| JORDAN KAYE | 3159 OURAY ST | | BOULDER | CO | 80301-3704 | UNITED STATES | |
| JOY & VICTORY LLC | 259 ODYSSEY LN | | MILPITAS | CA | 95035-9074 | UNITED STATES | |
| JUSTIN LEONARD | 1270 MOUNTAIN VIEW DR | | ASPEN | CO | 81611-1028 | UNITED STATES | |
| KATRINA JOHNSON | 350 SPRUCE RIDGE LN | # 6243 | SNOWMASS VILLAGE | CO | 81615 | UNITED STATES | |
| KEIRAN MARKUS NYARY | 1190 PRINCETON LN | | WEST CHESTER | PA | 19380-5715 | UNITED STATES | |
| KEVIN CHARLES SCHILLER | 10 HUNTERS CREEK CIR | | MULLICA HILL | NJ | 08062-2632 | UNITED STATES | |
| KIMBERLY ANN MCCABE | 4325 N MORRIS BLVD | | MILWAUKEE | WI | 53211-1547 | UNITED STATES | |
| KIMBERLY ANN MCCABE | 4325 N MORRIS BLVD | | MILWAUKEE | WI | 53211-1547 | UNITED STATES | |
| Kimley-Horn | 10 Lea Ave, Suite 400 | | NASHVILLE | TN | 37210 | UNITED STATES | |
| KIRK FUNKHOUSER | 2013 MCCLOSKEY ST | | AUSTIN | TX | 78723-5387 | UNITED STATES | |
| KIRK HARTMAN TR HARTMAN FAMILY TRUST DTD 05/07/77 | 527 TOYOPA DR | | PACIFIC PALISADES | CA | 90272-4470 | UNITED STATES | |
| KRISTIN LARKIN | 979 ROUTE 9W S | | NYACK | NY | 10960-4907 | UNITED STATES | |
| KRISTINA H MCDONOUGH | 1242 CLEBURNE DRIVE | | FT MYERS | FL | 33919 | UNITED STATES | |
| LAURA WEISSBERG | 5645 LA SALLE AVE | | OAKLAND | CA | 94611-3215 | UNITED STATES | |
| LAURA WEISSBERG | 1212 WILLARD ST | APT 3 | SAN FRANCISCO | CA | 94117-3757 | UNITED STATES | |
| LEE DELORENZO | 4043 W GILGO BCH | | WEST GILGO BEACH | NY | 11702-4615 | UNITED STATES | |
| LEE DELORENZO | 4043 W GILGO BCH | | WEST GILGO BEACH | NY | 11702-4615 | UNITED STATES | |
| LOUIS GOSZLETH | 2715 HAM BROWN RD | | KISSIMMEE | FL | 34746-3415 | UNITED STATES | |
| LOUIS LASKIS | 15531 E FIREROCK COUNTRY CLUB DR | | FOUNTAIN HILLS | AZ | 85268-5966 | UNITED STATES | |
| M. J. Engineering and Land Surveying, P.C. | 1533 Crescent Road | | CLIFTON PARK | NY | 12065 | UNITED STATES | |
| MAGGIE SINGMAN | 3 ARCHER PL | | TARRYTOWN | NY | 10591-4101 | UNITED STATES | |
| Marathon Engineering | 39 Cascade Drive | | ROCHESTER | NY | 14614 | UNITED STATES | |
| MARC ROMEO | 1725 CAMINO PALMERO ST | APT 318 | LOS ANGELES | CA | 90046-2923 | UNITED STATES | |
| MARIE MORIN | 218 ANTELOPE TRL | | WHITEFISH | MT | 59937-8455 | UNITED STATES | |
| MARILYN A HEWSON | 1264 OSPREY TRL | | NAPLES | FL | 34105-2774 | UNITED STATES | |
| MARILYN ONIA WEISSBERG | 2044 ANDALUCIA CT | | BRENTWOOD | CA | 94513-6486 | UNITED STATES | |
| MARILYN ONIA WEISSBERG | 2044 ANDALUCIA CT | | BRENTWOOD | CA | 94513-6486 | UNITED STATES | |
| MARVIN WEISSBERG | 1901 N MOORE ST | STE 803 | ARLINGTON | VA | 22209-1706 | UNITED STATES | |
| MARY FARVER GRIFFITH 2008 GST EXEMPT | | | | | | | |
| FAMILY TRUST DTD 12/4/08 | 401 E 8TH ST | STE 319 | SIOUX FALLS | SD | 57103-7031 | UNITED STATES | |
| MATTHEW WILKINSON | 605 PRESS PL | APT 402 | NASHVILLE | TN | 37208-1971 | UNITED STATES | |
| McMaster-Carr Supply Company | 600 N County Line Rd. | | Elmhurst | IL | 60680-7690 | UNITED STATES | |
| MICHAEL EISNER | 9601 WILSHIRE BLVD | FL 7 | BEVERLY HILLS | CA | 90210-5213 | UNITED STATES | |

| Name | Address | Unit | City | State | Zip | Country | Email |
|---|---|---|---|---|---|---|---|
| MICHAEL MCDONALD | 242 KINGS RD | | MADISON | NJ | 07940-2327 | UNITED STATES | |
| MICHAEL S BURKE | 9663 SANTA MONICA BLVD | STE 1169 | BEVERLY HILLS | CA | 90210-4303 | UNITED STATES | |
| Mid-Atlantic Steel Fabrication | 14 N. Ronks Road | | RONKS | PA | 17572 | UNITED STATES | |
| MITCHELL G FELDMAN | 5072 MEDORAS AVE | | SAINT AUGUSTINE | FL | 32080-7172 | UNITED STATES | |
| Mobile Mini Inc | 1075 Buffalo Road Suite 200 | | ROCHESTER | NY | 14624 | UNITED STATES | |
| Monroe Engineering LLC | 2990 Technology Drive  Rochester Hills | | ROCHESTER | NY | 48309 | UNITED STATES | |
| MONTOUR CREEK LLC | 1801 CENTURY PARK W | | LOS ANGELES | CA | 90067-6409 | UNITED STATES | |
| Moulton's Auto and Truck, LLC | 1703 County Route 37 | | WEST MONROE | NY | 13167 | UNITED STATES | |
| National HVAC Service | 421 N Pennsylvania Ave | | Wilkes-Barre | PA | 18702 | UNITED STATES | |
| Nefco | 1715 Washington Ave | | BRONX | NY | 10457 | UNITED STATES | |
| NEXII GMP HOLDINGS LLC - SERIES I | 157 CHURCH ST | FL 20 | NEW HAVEN | CT | 06510-2100 | UNITED STATES | |
| NEXII GMP HOLDINGS LLC - SERIES II | PO BOX 233 | 10 STATION PL | NORFOLK | CT | 06058-0233 | UNITED STATES | |
| NEXII GMP HOLDINGS LLC - SERIES III | PO BOX 233 | 10 STATION PL | NORFOLK | CT | 06058-0233 | UNITED STATES | |
| NEX-STOCK, LLC | 700 S HENDERSON RD | STE 200 | KING OF PRUSSIA | PA | 19406-4207 | UNITED STATES | |
| NEX-STOCK, LLC | | | | | | | |
| C/O SILVERANG ROSENZWEIG & HALTZMAN | | | | | | | MHALTZMAN@SANDDLAWYERS.COM  |
| ATTN: MARK S. HALTZMAN AND WILLIAM CARL KATZ | 900 E. 8TH AVENUE | SUITE 300 | KING OF PRUSSIA | PA | 19406 | UNITED STATES | WKATZ@SANDDLAWYERS.COM |
| NEXUS 1, LLC | | | | | | | |
| C/O SULLIVAN HAZELTINE ALLINSON LLC | | | | | | | |
| ATTN: WILLIAM D. SULLIVAN | 919 N. MARKET STREET | SUITE 420 | WILMINGTON | DE | 19801 | UNITED STATES | BSULLIVAN@SHA-LLC.COM |
| NEXUS 1, LLC | | | | | | | |
| C/O SILVERANG ROSENZWEIG & HALTZMAN | | | | | | | MHALTZMAN@SANDDLAWYERS.COM  |
| ATTN: MARK S. HALTZMAN AND WILLIAM CARL KATZ | 900 E. 8TH AVENUE | SUITE 300 | KING OF PRUSSIA | PA | 19406 | UNITED STATES | WKATZ@SANDDLAWYERS.COM |
| NEXUS MANAGER, LLC | | | | | | | |
| C/O SILVERANG ROSENZWEIG & HALTZMAN | | | | | | | MHALTZMAN@SANDDLAWYERS.COM  |
| ATTN: MARK S. HALTZMAN AND WILLIAM CARL KATZ | 900 E. 8TH AVENUE | SUITE 300 | KING OF PRUSSIA | PA | 19406 | UNITED STATES | WKATZ@SANDDLAWYERS.COM |
| NEXUS MANAGER, LLC | | | | | | | |
| C/O SULLIVAN HAZELTINE ALLINSON LLC | | | | | | | |
| ATTN: WILLIAM D. SULLIVAN | 919 N. MARKET STREET | SUITE 420 | WILMINGTON | DE | 19801 | UNITED STATES | BSULLIVAN@SHA-LLC.COM |
| NexUS1, LLC | 700 S. HENDERSON ROAD | SUITE 200 | KING OF PRUSSIA | PA | 19406 | UNITED STATES | |
| Niagara Sealants, LLC | 8425 Westphalinger Road | | EAST AMHERST | NY | 14051 | UNITED STATES | |
| NINA ELLIOTT | 2519 NOLT RD | | LANCASTER | PA | 17601-1903 | UNITED STATES | |
| NOCHENOCHI LLC | 316 OCCIDENTAL AVE S | STE 400 | SEATTLE | WA | 98104-2874 | UNITED STATES | |
| Nox-Crete Products Group | 1444 S. 20th St | | Omaha | NE | 68108 | UNITED STATES | |
| Nycon Corporation | 300 Ben Fairless Drive | | Fairless Hills | PA | 19030 | UNITED STATES | |
| Olori Crane Service | 11 Seeger Dr, Nanuet | | NANUET | NY | 10954 | UNITED STATES | |
| OneClick LCA | 511 Avenue of the Americas #4110 | | NEW YORK | NY | 10011 | UNITED STATES | |
| OSCAR GROSS | 765 SHERIDAN RIDGE CT | | ALPHARETTA | GA | 30022-2404 | UNITED STATES | |
| PATRICK KELLY | 13098 E SADDLEHORN TRL | | SCOTTSDALE | AZ | 85259-5347 | UNITED STATES | |
| PATRICK NASH | 942 KEYSTONE AVE | | RIVER FOREST | IL | 60305-1322 | UNITED STATES | |
| PAUL GLENN KLICK | 8654 POPLAR BRIDGE CURV | | BLOOMINGTON | MN | 55437-1441 | UNITED STATES | |
| PAUL HAZEN & CASSANDRA HAZEN JT TEN | 11699 DISCOVERY CANYON DR | | LAS VEGAS | NV | 89135 | UNITED STATES | |
| Perkins & Will | 617 West 7th Street, Suite 1200 | | LOS ANGELES | CA | 90017 | UNITED STATES | |
| Perkins Eastman | 98 San Jacinto Blvd 4th Floor | | AUSTIN | TX | 7870 | UNITED STATES | |
| PERKINS EASTMAN ARCHITECTS DPC | 115 5TH AVE | | NEW YORK | NY | 10003-1004 | UNITED STATES | |
| PETER C KUYER 2001 IRREV FAMILY TRUST DTD 8/21/86 | 401 E 8TH ST | STE 319 | SIOUX FALLS | SD | 57103-7031 | UNITED STATES | |
| PETER C KUYPER AND DORSEY & WHITNEY TRUST COMPANY LLC TR | | | | | | | |
| ANN KUYPER LENNARTZ 1983 FAMILY TRUST | 401 E 8TH ST | STE 319 | SIOUX FALLS | SD | 57103-7031 | UNITED STATES | |
| PETER GLICKLICH | 425 E 58TH ST APT | 34G | NEW YORK | NY | 10022-2379 | UNITED STATES | |
| POWERSCOURT INVESTMENTS XXV, LP | 1251 AVENUE OF THE AMERICAS | | NEW YORK | NY | 10036 | UNITED STATES | |
| POWERSCOURT INVESTMENTS XXV, LP | 1251 AVENUE OF THE AMERICAS | | NEW YORK | NY | 10036 | UNITED STATES | |
| PowersCourt XXV | 312 Farmington Avenue | | Farmington | CT | 06032 | UNITED STATES | |
| QA Supplies LLC | 1185 Pineridge Road | | NORFOLK | VA | 23502 | UNITED STATES | |
| Quality Distribution Services | 1775 Chessie Lane | | Ottawa | IL | 61350 | UNITED STATES | |
| Quincy Compressors | 2522 Pearl Buck Road | | Bristol | PA | 19032 | UNITED STATES | |
| RAM CHARAN | 15851 DALLAS PKWY | STE 315 | ADDISON | TX | 75001-3378 | UNITED STATES | |
| RAYMOND MARK WILKINSON | 2139 MARION AVENUE RD | | MANSFIELD | OH | 44903-9410 | UNITED STATES | |
| RICK SMITH | 4238 W CLUB LN NE | | ATLANTA | GA | 30319-1140 | UNITED STATES | |
| ROBERT A CHAPMAN | 2177 W WINDSOR AVE | | CHICAGO | IL | 60625-1611 | UNITED STATES | |
| ROBERT A WHITE & MARY H BRYANT TR | | | | | | | |
| WHITE BRYANT LIVING TRUST | 4916 ARCOLA AVE | | NORTH HOLLYWOOD | CA | 91601-4810 | UNITED STATES | |
| ROBERT EDELSTEIN | 11030 CASHMERE ST | | LOS ANGELES | CA | 90049-3202 | UNITED STATES | |
| ROBERT MURRAY | 359 MOUNTAIN VIEW RD | | RHINEBECK | NY | 12572-2822 | UNITED STATES | |
| ROBERT S SHAFIR & DONNA R SHAFIR JT TEN | 150 CHARLES ST | PH A | NEW YORK | NY | 10014-3467 | UNITED STATES | |
| Rock Creek Advisors | 1738 Belmar Blvd | | Belmar | NJ | 07719 | UNITED STATES | |
| RODNEY GILSON | 5302 CEDRO TRL | | AUSTIN | TX | 78731-2616 | UNITED STATES | |
| SARAH JANE SINGMAN | 3 ARCHER PL | | TARRYTOWN | NY | 10591-4101 | UNITED STATES | |
| SCOT FISHER & SHELLY FISHER JT TEN | 1206 FARVIEW RD | | VILLANOVA | PA | 19085-2038 | UNITED STATES | |
| SHAWN BASLER | 401 E 74TH ST | APT 5M | NEW YORK | NY | 10021-0191 | UNITED STATES | |
| Smarter Building Systems LLC | 4 Porter Avenue | | Newport | RI | 02840 | UNITED STATES | |
| Smartsheet inc | 10500 NE 8th St | | Bellevue | WA | 98004 | UNITED STATES | |
| SP NX LLC | 40 W 57TH ST | | NEW YORK | NY | 10019-4001 | UNITED STATES | |
| SpecFab | 699 Todd Road, Honey Brook | | HONEY BROOK | PA | 19344 | UNITED STATES | |
| STEPHEN SIDWELL | #208 - 3993 HENNING DR. | | BURNABY | BC | V5C 6P7 | CANADA | |
| STEVEN LEVIN | 900 3RD AVE FL 24 | | NEW YORK | NY | 10022-4771 | UNITED STATES | |
| Stockwell Construction | 9835 Country Road | | CLARENCE CENTER | NY | 14032 | UNITED STATES | |
| Stream Logistics | 6220 E. Thomas Rd, Suite 200 | | SCOTTSDALE | AZ | 85251 | UNITED STATES | |
| Structural Insulated Panel Association | P.O. Box 39848 | | Fort Lauderdale | FL | 33339 | UNITED STATES | |
| SUGAR FAMILY TRUST | 228 COPA DE ORO RD | | LOS ANGELES | CA | 90077-3804 | UNITED STATES | |
| Sunbelt Rentals - USA | Branch #1045 1 12th St | | BROOKLYN | NY | 11215 | UNITED STATES | |
| Supreme Perlite Company | 4600 N Suttle Rd | | Portland | OR | 97217 | UNITED STATES | |
| SVEN BLEY | 1130 BLACKBURN DR | | INVERNESS | IL | 60067-4220 | UNITED STATES | |
| Sylvan Products | 7400 SW Cherry Dr | | Portland | OR | 97223 | UNITED STATES | |
| TARA VITSENTZOS TR | | | | | | | |
| ROBERT CASTALDI TRUST DTD 12/19/12 | 410 LITTLE NECK RD | PO BOX 960 | CUTCHOGUE | NY | 11935-2306 | UNITED STATES | |
| THE ASSAF FAMILY TRUST | 137 S WOODBURN DR | | LOS ANGELES | CA | 90049-3027 | UNITED STATES | |
| THE ASSAF FAMILY TRUST DTD 3/24/05 | 11111 SANTA MONICA BLVD | STE 2100 | LOS ANGELES | CA | 90025-3355 | UNITED STATES | |
| THE BLENNER GOLDMAN FAMILY TRUST | 113 N EDINBURGH AVE | | LOS ANGELES | CA | 90048-3603 | UNITED STATES | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Tim Burger c/o Plumb Concepts LLC | 120 26th St. | | MANHATTAN BEACH | CA | 90266 | UNITED STATES |
| TODD ARMSTRONG | 2341 BANBURY LOOP | | MARTINEZ | CA | 94553-6704 | UNITED STATES |
| TOKIO MARINE CANADA LTD. | 330 BAY STREET | SUITES 400 AND 401 | TORONTO | ON | M5H 2S8 | CANADA |
| Toltec Steel | 5390 Dietrich Rd | | SAN ANTONIO | TX | 78219 | UNITED STATES |
| TREVOR C LUCEY | 9322 WISTER DR | | LA MESA | CA | 91941-4140 | UNITED STATES |
| TRINITY CAPITAL INC | 1 N 1ST ST | STE 302 | PHOENIX | AZ | 5004-2360 | UNITED STATES |
| Trinity Capital Inc | 3075 West Ray Road | | Chandler | AZ | 85226 | UNITED STATES |
| TRINITY CAPITAL INC. | 3075 WEST RAY ROAD | SUITE 525 | CHANDLER | AZ | 85226 | UNITED STATES |
| TRISURA GUARANTEE INSURANCE COMPANY | 333 BAY STREET, SUITE 1610, BOX 22 | | TORONTO | ON | M5H 2R2 | CANADA |
| US Formliner | 380 Commerce Blvd | | Athens | GA | 30606 | UNITED STATES |
| US Roof Shield LLC | PO Box 104 | | MATADOR | TX | 79244 | UNITED STATES |
| Varstar Alliance Inc. | 5395 Cogswell Road | | WAYNE | MI | 48184 | UNITED STATES |
| Vericon Construction | 1063 Route 22 East | | Mountainside | NJ | 07092 | UNITED STATES |
| VERISON CONSTRUCTION CO. | | | | | | |
| ATT: ANTHONY CHRISTY | 1063 US HWY 22 | | MOUNTAINSIDE | NJ | 07092 | UNITED STATES |
| Wadman Corporation | 2920 South 925 | | West Ogden | UT | 84401 | UNITED STATES |
| WESTLAKE INNOVATIONS INC | 2801 POST OAK BLVD | STE 600 | HOUSTON | TX | 77056-6110 | UNITED STATES |
| Wild Atlantic Building Solutions Inc | 9 Gustin Ave | | ATTLEBORO | MA | 02703 | UNITED STATES |
| WILLIAM SPIEGEL | 2109 BROADWAY | APT 16144 | NEW YORK | NY | 10023-2151 | UNITED STATES |
| WILLIAM W WEISSBERG AND MARILYN O | | | | | | |
| WEISSBERG LIVING TRUST | 2044 ANDALUCIA CT | | BRENTWOOD | CA | 94513-6486 | UNITED STATES |
| Wilson Sonsini Goodrich & Rosati | 650 Page Mill Road | | PALO ALTO | CA | 94304 | UNITED STATES |



IN THE SUPREME COURT OF BRITISH COLUMBIA

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, RSC 1985, c C-36, as amended

and

IN THE MATTER OF NEXII BUILDING SOLUTIONS INC.,
NEXII CONSTRUCTION INC, NBS IP INC. and NEXII HOLDINGS INC.

PETITIONERS

## ORDER MADE AFTER APPLICATION

| | | |
|---|---|---|
| BEFORE THE HONOURABLE | ) | |
| JUSTICE STEPHENS | ) | JANUARY 11, 2024 |
| | ) | |

**ON THE APPLICATION** of the Petitioners coming on for hearing at Vancouver, British Columbia, on the 11th day of January, 2024 (the "**Order Date**"); **AND ON HEARING** Lisa Hiebert and Kibben Jackson, counsel for the Petitioners, and those other counsel listed on **Schedule "A"** hereto; **AND UPON READING** the application material filed, including the First Affidavit of William Tucker sworn January 10, 2024 (the "**Tucker Affidavit**"), and the consent of KSV Restructuring Inc. ("**KSV**") to act as Monitor; **AND UPON BEING ADVISED** that the secured creditors who are likely to be affected by the charges created herein were given notice; **AND PURSUANT TO** the *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36 as amended (the "**CCAA**"), the *Supreme Court Civil Rules* and the inherent jurisdiction of this Honourable Court;

# THIS COURT ORDERS AND DECLARES THAT:

1.      The time for service of the Petition and materials filed in support of the application for this Order (collectively, the **"Application"**) is hereby abridged such that service of the Application is deemed to be timely and sufficient and the Application is properly returnable today.

## JURISDICTION

2.      Each of the Petitioners is a company to which the CCAA applies. Although not Petitioners, Omicron Canada Inc., Omicron Construction Management Ltd., Omicron Consulting Inc., Grant & Sinclair Architects Ltd., Omicron Interiors Ltd. and Omicron Construction Ltd. (collectively, the **"Omicron Entities"**) shall enjoy certain protections as set out in this Order.

## SUBSEQUENT HEARING DATE

3.      The hearing of the Petitioners' application for an extension of the Stay Period (as defined in paragraph 15 of this Order) and for any ancillary relief shall be held at the Courthouse at 800 Smithe Street, Vancouver, British Columbia at 800 Smithe Street, Vancouver, British Columbia at ~~█~~.m. on ~~January 18~~ the ~~████ day of January~~, 2024 or such other date as this Court may order.

## POSSESSION OF PROPERTY AND OPERATIONS

4.      Subject to this Order and any further Order of this Court, the Petitioners shall remain in possession and control of their current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the **"Property"**) and continue to carry on their business (the **"Business"**) in the ordinary course, or as otherwise agreed by the Monitor and the Interim Lenders (as defined below), and in a manner consistent with the preservation of the Business and the Property. The Petitioners shall be authorized and empowered to continue to retain and employ the employees, consultants, agents, experts, accountants, counsel and such other persons (collectively, **"Assistants"**) currently

retained or employed by them, with liberty to retain such further Assistants as the Petitioners deem reasonably necessary or desirable in the ordinary course of business or for carrying out the terms of this Order.

5.     The Petitioners shall be entitled to continue to utilize the central cash management system currently in place as described in the Tucker Affidavit or, with the prior written consent of the Interim Lenders and the Monitor, replace it with another substantially similar central cash management system (the "**Cash Management System**"), and any present or future bank providing the Cash Management System shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the Petitioners of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person (as hereinafter defined) other than the Petitioners, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management System, under any plan of compromise or arrangement (the "**Plan**") with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management System.

6.     The Petitioners shall be entitled but not required to pay the following expenses whether incurred prior to, on, or after the date of this Order, subject to compliance with the Cash Flow Projections (as defined in the Term Sheet, defined below):

(a)     all outstanding wages, salaries, employee and pension benefits (including long and short term disability payments), vacation pay and expenses (but excluding severance pay) payable before or after the Order Date, in each case incurred in the ordinary course of business and consistent with the relevant compensation policies and arrangements existing at the time incurred (collectively "**Wages**");

(b)     with the consent of the Monitor, amounts owing for goods and services actually supplied to the Petitioners prior to the date of this Order by third party suppliers,

if such third party is critical to the Business and ongoing operations of the Petitioners; and

(c) the fees and disbursements of any Assistants retained or employed by the Petitioners which are related to the Petitioners' restructuring, at their standard rates and charges, including payment of the fees and disbursements of legal counsel retained by the Petitioners, whenever and wherever incurred, in respect of:

(i) these proceedings or any other similar proceedings in other jurisdictions in which the Petitioners or any subsidiaries or affiliated companies of the Petitioners are domiciled;

(ii) any litigation in which the Petitioners are named as parties or are otherwise involved, whether commenced before or after the Order Date; and

(iii) any related corporate matters.

7. Except as otherwise provided herein and subject to the terms of the Term Sheet and Definitive Documents, as each such capitalized term is defined below, the Petitioners shall be entitled to pay all expenses reasonably incurred by the Petitioners in carrying on the Business in the ordinary course following the Order Date, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

(a) all expenses and capital expenditures reasonably incurred and which are necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors' and officers' insurance), maintenance and security services, provided that any capital expenditure shall be approved by the Monitor;

(b) all obligations incurred by the Petitioners after the Order Date, including without limitation, with respect to goods and services actually supplied to the Petitioners following the Order Date (including those under purchase orders outstanding at

the Order Date but excluding any interest on the Petitioners' obligations incurred prior to the Order Date); and

(c)     fees and disbursements of the kind referred to in paragraph 6(c) which may be incurred after the Order Date.

8.     The Petitioners are authorized to remit, in accordance with legal requirements, or pay:

(a)     any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from Wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, (iii) Quebec Pension Plan, and (iv) income taxes or any such claims which are to be paid pursuant to Section 6(3) of the CCAA;

(b)     all goods and services or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Petitioners in connection with the sale of goods and services by the Petitioners, but only where such Sales Taxes accrue or are collected after the Order Date, or where such Sales Taxes accrued or were collected prior to the Order Date but not required to be remitted until on or after the Order Date; and

(c)     any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal property taxes, municipal business taxes or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of secured creditors.

9.     Until such time as a real property lease is disclaimed in accordance with the CCAA or subject to further Order of this Court, the Petitioners shall pay all amounts constituting rent or payable as rent under real property leases (including common area maintenance charges, utilities and realty taxes and any other amounts payable as rent to the landlord under the lease, but, for greater certainty, excluding accelerated rent or penalties, fees or other charges arising as a result

of the insolvency of the Petitioners or the making of this Order) based on the terms of existing lease arrangements or as otherwise may be negotiated between the Petitioners and the landlord from time to time ("**Rent**"), for the period commencing from and including the Order Date, twice-monthly in equal payments on the first and fifteenth day of the month in advance (but not in arrears). On the date of the first of such payments, any Rent relating to the period commencing from and including Order Date shall also be paid.

10. Except as specifically permitted herein, the Petitioners are hereby directed, until further Order of this Court:

   (a) to make no payments of principal, interest thereon or otherwise on account of amounts owing by the Petitioners to any of their creditors as of the Order Date except as authorized by this Order;

   (b) to make no payments in respect of any financing leases which create security interests;

   (c) to grant no security interests, trusts, mortgages, liens, charges or encumbrances upon or in respect of any of the Property, nor become guarantors or sureties, nor otherwise become liable in any manner with respect to any other person or entity except as authorized by this Order;

   (d) to not grant credit except in the ordinary course of the Business only to their customers for goods and services actually supplied to those customers, provided such customers agree that there is no right of set-off in respect of amounts owing for such goods and services against any debt owing by the Petitioners to such customers as of the Order Date; and

   (e) to not incur liabilities except in the ordinary course of Business.

**RESTRUCTURING**

11. Each of the Petitioners shall, subject to such requirements as are imposed by the CCAA, this Order, and such covenants as may be contained in the Definitive Documents, have the right

(but not the obligation) to operate the Business in the ordinary course pending the return hearing on the Comeback Date (as defined below), subject to disclaimers that may be issued pursuant to section 32 of the CCAA.

12.  Subject to such requirements as are imposed by the CCAA and such covenants as may be contained in the Definitive Documents (as hereinafter defined), the Petitioners shall have the right to:

(a)  permanently or temporarily cease, downsize or shut down all or any part of their Business or operations and commence marketing efforts in respect of any of their redundant or non-material assets and to dispose of redundant or non-material assets not exceeding $500,000 in any one transaction or $1,500,000 in the aggregate;

(b)  terminate the employment of such of their employees or temporarily lay off such employees as they deem appropriate; and

(c)  pursue all avenues of refinancing for its Business or Property, in whole or in part; all of the foregoing to permit the Petitioners to proceed with an orderly restructuring of the Business (the "**Restructuring**").

13.  The Petitioners shall provide each of the relevant landlords with notice of the Petitioners' intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal. The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the landlord disputes the Petitioners' entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any applicable secured creditors who claim a security interest in the fixtures, such landlord and the Petitioners, or by further Order of this Court upon application by the Petitioners, the landlord or the applicable secured creditors on at least two (2) clear days' notice to the other parties. If the Petitioners disclaim the lease governing such leased premises in accordance with Section 32 of the CCAA, it shall not be required to pay Rent under such lease pending resolution of any dispute concerning

such fixtures (other than Rent payable for the notice period provided for in Section 32(5) of the CCAA), and the disclaimer of the lease shall be without prejudice to the Petitioners' claim to the fixtures in dispute.

14.     If a notice of disclaimer is delivered pursuant to Section 32 of the CCAA, then: (a) during the period prior to the effective time of the disclaimer, the landlord may show the affected leased premises to prospective tenants during normal business hours on giving the Petitioners and the Monitor 24 hours' prior written notice; and (b) at the effective time of the disclaimer, the landlord shall be entitled to take possession of any such leased premises without waiver of or prejudice to any claims the landlord may have against the Petitioners, or any other rights the landlord might have, in respect of such lease or leased premises and the landlord shall be entitled to notify the Petitioner of the basis on which it is taking possession and gain possession of and re-lease such leased premises to any third party or parties on such terms as the landlord considers advisable, provided that nothing herein shall relieve the landlord of its obligation to mitigate any damages claimed in connection therewith.

## STAY OF PROCEEDINGS, RIGHTS AND REMEDIES

15.     Until and including Monday, January 22, 2024, or such later date as this Court may order (the "**Stay Period**"), no action, suit or proceeding in any court or tribunal (each, a "**Proceeding**") against or in respect of the Petitioners, the Omicron Entities or the Monitor, or affecting the Business or the Property (including that of the Omicron Entities), shall be commenced or continued except with the written consent of the Petitioners and the Monitor or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Petitioners, the Omicron Entities or affecting the Business or the Property (including that of the Omicron Entities) are hereby stayed and suspended pending further Order of this Court.

16.     During the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Petitioners, the Omicron Entities or the Monitor, or affecting the Business or the Property (including that of the Omicron

Entities), are hereby stayed and suspended except with the written consent of the Petitioners and the Monitor or leave of this Court.

17.     Nothing in this Order, including paragraphs 15 and 16, shall: (i) empower the Petitioners or the Omicron Entities to carry on any business which they are not lawfully entitled to carry on; (ii) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA; (iii) prevent the filing of any registration to preserve or perfect a mortgage, charge or security interest (subject to the provisions of Section 39 of the CCAA relating to the priority of statutory Crown securities); or (iv) prevent the registration or filing of a lien or claim for lien or the commencement of a Proceeding to protect lien or other rights that might otherwise be barred or extinguished by the effluxion of time, provided that no further step shall be taken in respect of such lien, claim for lien or Proceeding except for service of the initiating documentation on the Petitioners.

18.     The granting of this Order, the Application and any affidavits and other materials filed in support of the Application shall not, in in and of themselves, constitute a default or failure to comply by the Debtors under any statute, regulation, licence, permit, contract, permission, covenant, agreement, undertaking or other written document or requirement.

## NO INTERFERENCE WITH RIGHTS

19.     During the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract or agreement, licence or permit in favour of or held by the Petitioners or the Omicron Entities except with the written consent of the Petitioners, or the Omicron Entities, as applicable, and the Monitor or leave of this Court.

## CONTINUATION OF SERVICES

20.     During the Stay Period, all Persons having oral or written agreements with the Petitioners or mandates under an enactment for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking

services, payroll services, insurance, transportation, services, utility or other services to the Business or the Petitioners are hereby restrained until further Order of this Court from discontinuing, altering, interfering with, or terminating the supply of such goods or services as may be required by the Petitioners and that the Petitioners shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the Order Date are paid by the Petitioners in accordance with normal payment practices of the Petitioners or such other practices as may be agreed upon by the supplier or service provider and the Petitioners and the Monitor, or as may be ordered by this Court.

## NON-DEROGATION OF RIGHTS

21.     Notwithstanding any provision in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided on or after the Order Date, nor shall any Person be under any obligation to advance or re-advance any monies or otherwise extend any credit to the Petitioners on or after the Order Date. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

## PROCEEDINGS AGAINST DIRECTORS AND OFFICERS

22.     During the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against the directors or officers of the Petitioners with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Petitioners whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Petitioners, if one is filed, is sanctioned by this Court or is refused by the creditors of the Petitioners or this Court. Nothing in this Order, including in this paragraph, shall prevent the commencement of a Proceeding to preserve any claim against a director or officer of the Petitioners that might otherwise be barred or extinguished by the effluxion of time, provided that no further step shall

be taken in respect of such Proceeding except for service of the initiating documentation on the applicable director or officer.

## DIRECTORS AND OFFICERS INDEMNIFICATION AND CHARGE

23.    The Petitioners shall indemnify their directors and officers against obligations and liabilities that they may incur as directors or officers of the Petitioners after the commencement of the within proceedings, except to the extent that, with respect to any director or officer, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

24.    The directors and officers of the Petitioners shall be entitled to the benefit of and are hereby granted a charge (the "**Directors' Charge**") on the Property, which charge shall not exceed an aggregate amount of $1,040,000, as security for the indemnity provided in paragraph 23 of this Order.  The Directors' Charge shall have the priority set out in paragraphs 42 and 44 herein.

25.    Notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the Directors' Charge, and (b) the Petitioners' directors and officers shall only be entitled to the benefit of the Directors' Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 23 of this Order.

## APPOINTMENT OF MONITOR

26.    KSV is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Petitioners with the powers and obligations set out in the CCAA or set forth herein, and that the Petitioners and their shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Petitioners pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of its powers

and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

27. The Monitor, in addition to its prescribed rights and obligations under the CCAA and applicable law, and without altering in any way the obligations of the Petitioners in this CCAA proceeding, is hereby empowered, but not required, to:

(a) exercise any powers which may be properly exercised by a board of directors or any officers of the Petitioners to cause the Petitioners, through the Petitioners' Assistants (then engaged, if any), to, without limitation:

(i) take any and all actions and steps, and execute all agreements, documents and writings, on behalf of, and in the name of, the Petitioners in order to facilitate the performance of any of the Petitioners' powers or obligations (collectively, the **"Petitioners' Powers & Obligations"**);

(ii) engage, retain, or terminate the services of any officer, employee, consultant, agent, representative, advisor, or other persons or entities, as the Monitor deems necessary or appropriate to assist with the exercise of the Monitor's powers and duties and/or the Petitioners' Powers & Obligations. For greater certainty, any such officer, employee, consultant, agent, representative, advisor, or other persons or entities engaged or retained pursuant to this paragraph shall thereafter be deemed to be Assistants under this Order;

(iii) perform such other functions or duties, and enter into any agreements or incur any obligations, as the Monitor considers necessary or desirable in order to facilitate or assist the winding-down or liquidation of the Petitioner, the realization and/or sale of all of the Petitioners' Property, the distribution of any net proceeds of the Property (the **"Proceeds"**), or any other related activities, including, without limitation, in connection with terminating this CCAA proceeding;

(iv)     exercise any rights of the Petitioners;

(v)      grant the Monitor access to all books and records that are the property of the Petitioners or that are in the Petitioners' possession or control (the "**Books and Records**");

(vi)     initiate, prosecute, and/or continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to the Petitioners, the Property, or the Proceeds, and, subject to further Order of this Court, to settle or compromise any such proceedings. The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding;

(vii)    deal with any taxing or regulatory authority, including to execute any appointment or authorization form on behalf of the Petitioners that any taxing or regulatory authority may require, in order to confirm the appointment of an authorized representative of the Petitioners (which may be a representative of the Monitor) for such purposes;

(viii)   engage, deal, communicate, negotiate and, with further Order of this Court, settle with any creditor or other stakeholder of the Petitioners (including any governmental authority);

(ix)     claim any and all insurance refunds or tax refunds to which the Petitioners is entitled on behalf of the Petitioners; and

(x)      file, or take such actions necessary for the preparation and filing of, on behalf of and in the name of the Petitioners, (i) any tax returns, and (ii) the Petitioners' employee-related remittances, T4 statements and records of employments for the Petitioners' former employees, in either case, based solely upon the information in the Applicant's Books and Records and on

the basis that the Monitor shall incur no liability or obligation to any person with respect to such returns, remittances, statements, records or other documents;

(b)     monitor the Petitioners' receipts and disbursements;

(c)     report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

(d)     assist the Petitioners, to the extent required by the Petitioners, in their dissemination to the Interim Lenders (as hereinafter defined) and their counsel on a monthly basis of financial and other information as agreed to between the Petitioners and the Interim Lenders, which may be used in these proceedings including reporting on a basis to be agreed with the Interim Lenders;

(e)     advise the Petitioners in its preparation of the Petitioners' cash flow statements and reporting required by the Interim Lenders, which information shall be reviewed with the Monitor and delivered to the Interim Lenders and its counsel on a periodic basis, but not less than monthly, or as otherwise agreed to by the Interim Lenders;

(f)     have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Petitioners, to the extent that is necessary to adequately assess the Petitioners' business and financial affairs or to perform its duties arising under this Order;

(g)     be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order;

(h)     perform such other duties as are required by this Order or by this Court from time to time; and

(i)     take any steps reasonably incidental to the exercise by the Monitor of the powers listed above or the performance of any statutory obligations

(collectively, the "**Monitor's Powers**").

28.    Notwithstanding anything contained in this Order, where the Monitor exercises any of the Monitor's Powers, it shall be the sole Person authorized to exercise such powers, to the exclusion of all other Persons, and no director or officer of the Petitioners shall incur any liability for any decisions or actions of the Monitor acting under such authority.

29.    Notwithstanding anything contained in this Order, the Monitor shall not take possession of the Property or Business and shall not, by fulfilling its obligations hereunder, or by inadvertence in relation to the due exercise of powers or performance of duties under this Order, be deemed to have taken or maintained possession of the Business or Property, or any part thereof, and nothing in this Order shall be construed as resulting in the Monitor being an employer or a successor employer, within the meaning of any statute, regulation or rule of law or equity, for any purpose whatsoever.

30.    Nothing herein contained shall require or allow the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, "**Possession**") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the *Fisheries Act*, the British Columbia *Environmental Management Act*, the British Columbia *Fish Protection Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. For greater certainty, the Monitor shall not,

as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

31.    The Monitor shall provide any creditor of the Petitioners and the Interim Lenders with information provided by the Petitioners in response to reasonable requests for information made in writing by such creditor addressed to the Monitor.   The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph.  In the case of information that the Monitor has been advised by the Petitioners is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Petitioners may agree.

32.    In addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, save and except for any gross negligence or wilful misconduct on its part.  Nothing in this Order shall derogate from the rights and protections afforded the Monitor by the CCAA or any applicable legislation.

## ADMINISTRATION CHARGE

33.    The Monitor, counsel to the Monitor and counsel to the Petitioners shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, by the Petitioners as part of the cost of these proceedings. The Petitioners are hereby authorized and directed to pay the accounts of the Monitor, counsel to the Monitor and counsel to the Petitioners on a periodic basis.

34.    The Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the British Columbia Supreme Court who may determine the manner in which such accounts are to be passed, including by hearing the matter on a summary basis or referring the matter to a Registrar of this Court.

35.     The Monitor, counsel to the Monitor and counsel to the Petitioners shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of $500,000, as security for their respective fees and disbursements incurred at the standard rates and charges of the Monitor and such counsel, both before and after the making of this Order which are related to the Petitioners' restructuring.  The Administration Charge shall have the priority set out in paragraphs 42 and 44 hereof.

**INTERIM FINANCING**

36.     The Petitioners are hereby authorized and empowered to obtain and borrow under an interim credit facility from Powerscourt Investments XXV, LP, Trinity Capital Inc. and Horizon Technology Finance Corporation (collectively, the "**Interim Lenders**") in order to finance the Petitioners' working capital requirements and other general corporate purposes and capital expenditures, provided that borrowings under such interim credit facility shall not exceed US$750,000 under this Order unless permitted by further Order of this Court.

37.     Such interim credit facility shall be on the terms and subject to the conditions set forth in the debtor-in-possession term sheet between the Petitioners and the Interim Lenders dated as of January 9, 2024 (the "**Term Sheet**") attached as Exhibit K to the Tucker Affidavit.

38.     The Petitioners are hereby authorized and empowered to execute and deliver such credit agreements, mortgages, charges, hypothecs and security documents, guarantees and other definitive documents (with the Term Sheet, collectively the "**Definitive Documents**"), as are contemplated by the Term Sheet or as may be reasonably required by the Interim Lenders pursuant to the terms thereof, and the Petitioners are hereby authorized and directed to pay and perform all of its indebtedness, interest, fees, liabilities and obligations to the Interim Lenders under and pursuant to the Term Sheet and the Definitive Documents (collectively, the "**Interim Financing Obligations**") as and when the same become due and are to be performed, notwithstanding any other provision of this Order.

39. The Interim Lenders shall be entitled to the benefit of and is hereby granted a charge (the **"Interim Lenders' Charge"**) on the Property as security for the Interim Financing Obligations, which Interim Lenders' Charge shall be in the aggregate amount of the Interim Financing Obligations outstanding at any given time under the Definitive Documents. The Interim Lenders' Charge shall not secure an obligation that exists before this Order is made. The Interim Lenders' Charge shall have the priority set out in paragraphs 42 and 44 hereof.

40. Notwithstanding any other provision of this Order:

   (a) the Interim Lenders may take such steps from time to time as they may deem necessary or appropriate to file, register, record or perfect the Interim Lenders' Charge or any of the Definitive Documents;

   (b) upon the occurrence of an event of default under any of the Definitive Documents or the Interim Lenders' Charge, the Interim Lenders, upon three (3) business days' notice to the Petitioners and the Monitor, may exercise any and all of their rights and remedies against the Petitioners or the Property under or pursuant to the Term Sheet, Definitive Documents and the Interim Lenders' Charge, including without limitation, to cease making advances to the Petitioners and set off and/or consolidate any amounts owing by the Interim Lenders to the Petitioners against the obligations of the Petitioners to the Interim Lenders under the Term Sheet, the Definitive Documents or the Interim Lenders' Charge, to make demand, accelerate payment and give other notices, or to apply to this Court for the appointment of a receiver, receiver and manager or interim receiver, or for a bankruptcy order against the Petitioners and for the appointment of a trustee in bankruptcy of the Petitioners; and

   (c) the foregoing rights and remedies of the Interim Lenders shall be enforceable against any trustee in bankruptcy, interim receiver, receiver or receiver and manager of the Petitioners or the Property.

41.    The Interim Lenders, in such capacity, shall be treated as unaffected in any plan of arrangement or compromise filed by the Petitioners under the CCAA, or any proposal filed by the Petitioners under the *Bankruptcy and Insolvency Act* of Canada (the "**BIA**"), with respect to any advances made under the Definitive Documents.

## VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER

42.    The priorities of the Administration Charge, the Directors' Charge and the Interim Lenders' Charge, as among them, shall be as follows:

First – Administration Charge (to the maximum amount of $500,000);

Second – Interim Lenders' Charge (to the maximum amount of the Interim Financing Obligations at the relevant time); and

Third – Directors' Charge (to the maximum amount of $1,040,000).

43.    Any security documentation evidencing, or the filing, registration or perfection of, the Administration Charge, the Interim Lenders' Charge and the Directors' Charge (collectively, the "**Charges**") shall not be required, and that the Charges shall be effective as against the Property and shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered or perfected subsequent to the Charges coming into existence, notwithstanding any failure to file, register or perfect any such Charges.

44.    Each of the Charges shall constitute a mortgage, security interest, assignment by way of security and charge on the Property and such Charges shall rank in priority to all other security interests, trusts, liens, mortgages, charges and encumbrances and claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**"), in favour of any Person, save and except those claims contemplated by section 11.8(8) of the CCAA and any Person with a properly perfected purchase money security interest under the *Personal Property Security Act* (British Columbia) or such other applicable legislation that has not been served with notice of this Application.

45. Except as otherwise expressly provided herein, or as may be approved by this Court, the Petitioners shall not grant or suffer to exist any Encumbrances over any Property that rank in priority to, or *pari passu* with the Charges, unless the Petitioners obtain the prior written consent of the Monitor, the Interim Lenders and the beneficiaries of the Administration Charge and the Director's Charge.

46. The Administration Charge, the Director's Charge, the Term Sheet, the Definitive Documents and the Interim Lenders' Charge shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "**Chargees**") and/or the Interim Lenders shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to the BIA, or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, mortgage, security agreement, debenture, sublease, offer to lease or other agreement (collectively, an "**Agreement**") which binds the Petitioners; and notwithstanding any provision to the contrary in any Agreement:

   (a)     neither the creation of the Charges nor the execution, delivery, perfection, registration or performance of the Term Sheet or the Definitive Documents shall create or be deemed to constitute a breach by the Petitioners of any Agreement to which they are a party;

   (b)     none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the Petitioners entering into the Term Sheet, the creation of the Charges, or the execution, delivery or performance of the Definitive Documents; and

   (c)     the payments made by the Petitioners pursuant to this Order, the Term Sheet or the Definitive Documents, and the granting of the Charges, do not and will not

constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

47.     Any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Petitioners' interest in such real property leases.

## SERVICE AND NOTICE

48.     The Monitor shall (i) without delay, publish in *The Globe and Mail* (National Edition) a notice containing the information prescribed under the CCAA, (ii) within five days after Order Date, (A) make this Order publicly available in the manner prescribed under the CCAA, (B) send, in the prescribed manner, a notice to every known creditor who has a claim against the Petitioners of more than $1,000, and (C) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder; provided that the Monitor shall not be required to make the names and addresses of individuals who are creditors publicly available unless otherwise ordered by this Court.

49.     The Petitioners and the Monitor are at liberty to serve this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or electronic transmission (including by e-mail) to the Petitioners' creditors or other interested parties at their respective addresses as last shown on the records of the Petitioners and that any such service or notice by courier, personal delivery or electronic transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

50.     Any Person that wishes to be served with any application and other materials in these proceedings must deliver to the Monitor by way of ordinary mail, courier, personal delivery or electronic transmission a request to be added to a service list (the "**Service List**") to be

maintained by the Monitor. The Monitor shall post and maintain an up to date form of the Service List on its website at: www.ksvadvisory.com/experience/case/Nexii (the "**Case Website**").

51.     Any party to these proceedings may serve any court materials in these proceedings by emailing a PDF or other electronic copy of such materials to counsels' email addresses as recorded on the Service List from time to time, and the Monitor shall post a copy of all prescribed materials on the Case Website.

52.     Notwithstanding paragraphs 49 and 51 of this Order, service of the Petition, the Notice of Hearing of Petition, any affidavits filed in support of the Petition and this Order shall be made on the Federal and British Columbia Crowns in accordance with the *Crown Liability and Proceedings Act*, R.S.C. 1985, c. C-50, and regulations thereto, in respect of the Federal Crown, and the *Crown Proceeding Act*, R.S.B.C. 1996, c. 89, in respect of the British Columbia Crown.

**GENERAL**

53.     The Petitioners or the Monitor may from time to time apply to this Court for directions in the discharge of its powers and duties hereunder.

54.     Nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Petitioners, the Business or the Property.

55.     **THIS COURT REQUESTS** the aid and recognition of other Canadian and foreign Courts, tribunal, regulatory or administrative bodies, including any Court or administrative tribunal of any federal or State Court or administrative body in the United States of America, to act in aid of and to be complementary to this Court in carrying out the terms of this Order where required.  All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Petitioners and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Petitioners and the Monitor and their respective agents in carrying out the terms of this Order.

56.     Each of the Petitioners and the Monitor be at liberty and is hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative body, wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order and Nexii ~~Business~~ Building Solutions Inc. is authorized and empowered to act as a representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada, including acting as a foreign representative of the Petitioners to apply to the United States Bankruptcy Court for relief pursuant to Chapter 15 of the *United States Bankruptcy Code*, 11 U.S.C. §§ 101-1330, as amended.

57.     The Petitioners may (subject to the provisions of the CCAA and the BIA) at any time file a voluntary assignment in bankruptcy or a proposal pursuant to the commercial reorganization provisions of the BIA if the Petitioners determine that such a filing is appropriate.

58.     The Petitioners are hereby at liberty to apply for such further interim or interlocutory relief as they deem advisable within the time limited for Persons to file and serve Responses to the Petition.

59.     Leave is hereby granted to hear any application in these proceedings on two (2) clear days' notice after delivery to all parties on the Service List of such Notice of Application and all affidavits in support, subject to the Court in its discretion further abridging or extending the time for service.

60.     Any interested party (including the Petitioners and the Monitor) may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to all parties on the Service List and to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order, provided, however, that the Chargees shall be entitled to rely on this Order as granted and on the Charges and priorities set forth in paragraphs 42 and 44 hereof with respect to any fees, expenses and disbursements incurred, as applicable, until the date this Order may be amended, varied or stayed.

61.     Endorsement of this Order by counsel appearing on this application, other than counsel for the Petitioners, is hereby dispensed with.

62. This Order and all its provisions are effective as of 12:01 a.m. local Vancouver time on the Order Date.

63. Where the relief sought is not opposed or contested, leave is granted for counsel to the Interim Lenders to appear at future hearings in this matter remotely by video.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER AND CONSENT TO EACH OF THE ORDERS, IF ANY, THAT ARE INDICATED ABOVE AS BEING BY CONSENT:

_____
Signature of Lisa Hiebert
☐ Party   ☑ Lawyer for the Petitioners

BY THE COURT

_____
REGISTRAR

Certified a true copy according to
the records of the Supreme Court
at Vancouver, B.C.
DATED:   JAN 1 1 2024

_____
Authorized Signing Officer

Kade Chapman

**Schedule "A"**

**Appearance List**

| Counsel Name | Party Represented |
|---|---|
| Sean Zweig and Andrew Froh | The proposed Monitor, KSV Restructuring Inc. |
| Kyle Plunkett | Powerscourt Investments XXV, LP, Powerscourt Investments XXV Trust, Trinity Capital Inc., Horizon Technology Finance Corporation, Horizon Credit II LLC, Horizon Funding I LLC and Horizon Funding Trust 2022-1 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |