**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| NEXII BUILDING SOLUTIONS INC., | Case No. 24-10026 |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| NEXII CONSTRUCTION INC., | Case No. 24-10027 |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| NBS IP INC., | Case No. 24-10028 |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| NEXII HOLDINGS INC., | Case No. 24-10025 |
| Debtor in a Foreign Proceeding. | |

**MOTION FOR ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE AND
(II) AUTHORIZING FOREIGN REPRESENTATIVE TO FILE CONSOLIDATED
LISTS OF INFORMATION REQUIRED BY BANKRUPTCY RULE 1007(A)(4)**

Nexii Building Solutions, Inc., in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), which are the subject of jointly-administered proceedings (the "CCAA Proceedings") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA") in the Supreme Court of British Columbia (the "Canadian Court"), respectfully submits this motion (the "Motion") requesting entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Order"): (a) directing joint administration of the Debtors' related chapter 15 cases (the "Chapter 15 Cases") pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for procedural purposes only; and (b) authorizing the Foreign Representative to file consolidated lists of information required by Bankruptcy Rule 1007(a)(4). In support of this Motion, the Foreign Representative respectfully states as follows.

## Relief Requested

1. The Foreign Representative seeks entry of an order directing joint administration of these Chapter 15 Cases for procedural purposes only. Specifically, the Foreign Representative requests that the Court maintain one file and one docket for all of the Debtors' Chapter 15 Cases under the case number assigned to Debtor Nexii Building Solutions, Inc., and that these Chapter 15 Cases be administered under the following caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re:                                              | Chapter 15              |
|-----------------------------------------------------|-------------------------|
| NEXII BUILDING SOLUTIONS INC., et al.,              | Case No. 24-10026       |
| Debtors in a Foreign Proceeding.[1]                 | (Jointly Administered)  |

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Nexii Building Solutions Inc. (0911), Nexii Construction Inc. (1333), NBS IP Inc. (9930), and Nexii Holdings Inc. (5873). The Debtors' service address for purposes of these Chapter 15 Cases is 1455 West Georgia Street, #200, Vancouver, British Columbia V6G 2T3.

2. The Foreign Representative further requests that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy

Code.

3. The Foreign Representative also seeks the Court's direction that a notation substantially similar to the following be entered on the docket in each of these Chapter 15 Cases, other than on the docket of the case of Nexii Building Solutions Inc., to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 Cases of:  Nexii Building Solutions Inc. (24-10026), Nexii Construction Inc. (24-10027), NBS IP Inc. (24-10028), and Nexii Holdings Inc. (24-10025). The docket in Case No. 24-10026 should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-10026.**

4. Further, the Foreign Representative requests that the Court authorize the Debtors to utilize a combined service list for the jointly administered cases and that combined notices be sent to the Debtors' creditors and other parties in interest as applicable.

## Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Foreign Representative confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with the Verified Petition to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core matters under 28 U.S.C. §

157(b)(2)(P).

6. These Chapter 15 Cases have been properly commenced pursuant to section 1504 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), by the filing of petitions for recognition of the Canadian Proceedings under section 1515 of the Bankruptcy Code.

7. Venue is proper pursuant to 28 U.S.C. § 1410(1) and (3).

8. The bases for relief are sections 101(2) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 1007(a)(4), and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Basis for Relief

**I.     Joint Administration.**

9. Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the Court may order joint administration of the cases. The Debtors are "affiliates" as the Bankruptcy Code defines that term in section 101(2).

10. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties.

11. Joint administration will be an administrative convenience for the Court, the

clerk's office, and other interested parties. Entry of an order directing joint administration of these Chapter 15 Cases will avoid duplicative notices and motions, thereby saving the Debtors, the Foreign Representative, and all other parties in interest considerable time and expense. This Motion will not adversely affect the rights of creditors because it requests only administrative consolidation of these Chapter 15 Cases. Joint administration will not affect any claims, interests, or other rights that creditors have in or against a particular Debtor, and will permit creditors to look to one bankruptcy case docket with regard to relief that may be sought or ordered with respect to the Debtors. Granting this Motion will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files.

12. Courts in this district and others have approved joint administration relief similar to that requested herein in other chapter 15 cases. *See, e.g.*, *CDS U.S. Holdings, Inc.*, No. 20-11719 (JKS) (Bankr. D. Del. July 2, 2020); *In re Mundo Media Ltd.*, No. 19-11365 (KBO) (Bankr. D. Del. June 19, 2019); *In re Agrokor D.D.*, No. 18-22806 (MG) (Bankr. S.D.N.Y. July 13, 2018); *In re Mood Media Corp.*, No. 17-11413 (MEW) (Bankr. S.D.N.Y. May 23, 2017); *In re Electo Sonic Inc.*, No. 14-10240 (MFW) (Bankr. D. Del. Feb. 11, 2014); *In re Mega Brands, Inc.*, No. 10-10485 (CSS) (Bankr. D. Del. Feb. 23, 2010).

13. The Foreign Representative submits that joint administration of these Chapter 15 Cases is in the best interests of the Debtors, their creditors, and all other interested parties, and that no conflict of interest should arise as a result of joint administration. Requiring separate administration of these Chapter 15 Cases would subject the Foreign Representative (who would be forced to file documents on numerous dockets) and creditors (who would be forced to monitor

numerous dockets) to unnecessary administrative burdens. For all of the foregoing reasons, the Foreign Representative respectfully requests the entry of an order providing for the joint administration of these Chapter 15 Cases.

## II.     Consolidated Bankruptcy Rule 1007(a)(4) List.

14. The Court should also permit the Foreign Representative to file information required by Bankruptcy Rule 1007(a)(4) on a consolidated basis across all Debtors. In pertinent part, Bankruptcy Rule 1007(a)(4) provides that:

> [A] foreign representative filing a petition for recognition under Chapter 15 shall file with the petition: . . . (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under [section] 1519 of the [Bankruptcy] Code.

15. The Foreign Representative submits that the filing of a consolidated Bankruptcy Rule 1007(a)(4) list will be more efficient and that no interested parties will be prejudiced by the filing of consolidated schedules containing the same information as separate schedules. Accordingly, the Foreign Representative seeks authority to file a consolidated list that identifies the names and addresses of those persons authorized to administer the CCAA Proceedings, parties to litigation pending in the United States in which a Debtor is a party, and all entities against whom provisional relief is being sought.

16. Courts have approved the filing of consolidated Bankruptcy Rule 1007(a)(4) lists in other chapter 15 cases. *See, e.g.*, *CDS U.S. Holdings, Inc.*, No. 20-11719 (JKS) (Bankr. D. Del. July 2, 2020); *In re Mundo Media Ltd.*, No. 19-11365 (KBO) (Bankr. D. Del. June 19,

2019); *In re Kraus Carpet Inc.*, No. 18-12057 (KG) (Bankr. D. Del. Sept. 12, 2018); *In re Agrokor D.D.*, No. 18-22806 (MG) (Bankr. S.D.N.Y. July 13, 2018); *In re Edcon Holdings Ltd.* No. 16-13475 (SCC) (Bankr. S.D.N.Y. Dec. 14, 2016); *In re Pac. Expl. & Prod. Corp.*, No. 16-11189 (JLG) (Bankr. S.D.N.Y. May 2, 2016).

### Notice

17.     The Foreign Representative requests that the Court grant this Motion without notice. The Foreign Representative will serve notice of entry of the order in accordance with the procedures set forth in the *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice,* filed contemporaneously herewith, consistent with Bankruptcy Rule 2002(q) and Local Rule 9013-1(m). In light of the nature of the relief requested, the Foreign Representative requests that this Court find that no further notice is required.

### No Prior Request

18.     No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth herein, the Foreign Representative respectfully requests entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  January 11, 2024 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/ Steven W. Golden*<br>Steven W. Golden (DE Bar No. 6807)<br>Colin R. Robinson (DE Bar No. 5524)<br>Brooke E. Wilson (*pro hac vice* pending)<br>919 North Market Street, 17th Floor<br>Wilmington, Delaware 19899-8705<br>Tel:  302-652-4100<br>Fax: 302-652-4400<br>sgolden@pszjlaw.com<br>crobinson@pszjlaw.com<br>bwilson@pszjlaw.com<br><br>-and-<br><br>**BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**<br><br>Nathan Q. Rugg (*pro hac vice* pending)<br>Alexander F. Berk (*pro hac vice* pending)<br>John Andreasen (*pro hac vice* pending)<br>200 West Madison Street, Suite 3900<br>Chicago, IL 60606<br>Tel.: (312) 984-3100<br>Fax: (312) 984-3150<br>nathan.rugg@bfkn.com<br>alexander.berk@bfkn.com<br>john.andreasen@bfkn.com<br><br>*Attorneys for Foreign Representative* |

# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEXII BUILDING SOLUTIONS INC.,<br><br>   Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10026 |
| In re:<br><br>NEXII CONSTRUCTION INC.,<br><br>   Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10027 |
| In re:<br><br>NBS IP INC.,<br><br>   Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10028 |
| In re:<br><br>NEXII HOLDINGS INC.,<br><br>   Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10025 |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CASES UNDER CHAPTER 15 OF THE BANKRUPTCY CODE AND (II)
AUTHORIZING FOREIGN REPRESENTATIVE TO FILE CONSOLIDATED
LISTS OF INFORMATION REQUIRED BY BANKRUPTCY RULE 1007(A)(4)**

Upon the motion (the "Motion")[1] of the Foreign Representative of the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order"): (a) directing the joint administration of these Chapter 15 Cases for procedural purposes only; and (b) authorizing the Foreign Representative to file consolidated lists of information required by Bankruptcy Rule 1007(a)(4); the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.
LA:4858-7609-1801.6 60009.00001

U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 105, 109 and 1501 and Local Rule 1015-1; venue being proper before the Court pursuant to § 1410(1) and (3); and that this Court may enter a final order consistent with Article III of the United States Constitution; adequate and sufficient notice of the filing of the Motion having been given by the Foreign Representative; it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. These Chapter 15 Cases shall be, and they hereby are, consolidated pursuant to Bankruptcy Rule 1015(b), for procedural purposes only, and shall be jointly administered by the Court under Case No. 24-10026.

3. The caption of each of these Chapter 15 Cases shall be modified to reflect the joint administration of these cases, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| NEXII BUILDING SOLUTIONS INC., et al.,[1] | Case No. 24-10026 |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Nexii Building Solutions Inc. (0911), Nexii Construction Inc. (1333), NBS IP Inc. (9930), and Nexii Holdings Inc. (5873). The Debtors' service address for purposes of these Chapter 15 Cases is 1455 West Georgia Street, #200, Vancouver, British Columbia V6G 2T3.

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the

2

Bankruptcy Code.

5. A docket entry shall be made in each of the above captioned chapter 15 cases, other than on the docket of the case of Nexii Building Solutions Inc., to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 15 Cases of: Nexii Building Solutions Inc. (24-10026), Nexii Construction Inc. (24-10027), NBS IP Inc. (24-10028), and Nexii Holdings Inc. (24-10025). The docket in Case No. 24-10026 should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-10026.**

6. The Foreign Representative shall maintain, and the clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list in these Chapter 15 Cases. The Foreign Representative is authorized to send, as applicable, combined notices to the Debtors' creditors and other parties in interest.

7. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 15 Cases.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

9. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the clerk of the Court is hereby directed to enter this Order on the docket in each Chapter 15 Case of the Debtors.

3

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

LA:4858-7609-1801.1 60009.00001