# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| NEXII BUILDING SOLUTIONS INC., et al.,[1] | Case No. 24-10026 |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

**ORDER GRANTING PETITION FOR (I) RECOGNITION AS FOREIGN MAIN PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

Upon consideration of the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (together with the form petitions filed concurrently therewith, the "Verified Petition"),[2] filed by the Foreign Representative as the "foreign representative" of the above-captioned debtors (collectively, the "Debtors"); and upon the hearing on the Verified Petition and this Court's review and consideration of the Verified Petition, the Tucker Declaration, and the Jackson Declaration; IT IS HEREBY FOUND AND DETERMINED THAT[3]:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

---

1 The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Nexii Building Solutions Inc. (0911), Nexii Construction Inc. (1333), NBS IP Inc. (9930), and Nexii Holdings Inc. (5873). The Debtors' service address for purposes of these Chapter 15 Cases is 1455 West Georgia Street, #200, Vancouver, British Columbia V6G 2T3.

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

3 The findings and conclusions set forth herein and in the record of the hearing on the Verified Petition constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

the District of Delaware, dated February 29, 2012.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1410. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution.

3. Appropriate notice of the filing of, and the Hearing on, the Verified Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

4. No objections or other responses were filed that have not been overruled, withdrawn, or otherwise resolved.

5. These Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

6. The Debtors have a domicile, principal place of business, and/or property in the United States, and the Debtors are each eligible to be a debtor in a chapter 15 case pursuant to, as applicable, 11 U.S.C. §§ 109 and 1501.

7. The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of the Debtors as such term is defined in section 101(24) of the Bankruptcy Code. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

8. The CCAA Proceedings are entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

9. The CCAA Proceedings are pending in Canada, where the Debtors have the "center of [their] main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. Accordingly, the CCAA Proceedings are "foreign main proceedings" pursuant to section 1502(4) of the

Bankruptcy Code, and are entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

10. The Foreign Representative is entitled to all the relief provided pursuant to sections 1507, 1519, 1520, and 1521(a)(4) and (5) of the Bankruptcy Code without limitation, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code and to protect the assets of the Debtors and the interests of the Debtors' creditors.

11. Good, sufficient, appropriate, and timely notice of the filing of, and the hearing on (to the extent necessary), the Verified Petition was given, which notice was deemed adequate for all purposes, and no further notice need be given.

12. All creditors and other parties in interest, including the Debtors, are sufficiently protected by the grant of relief ordered hereby in accordance with section 1522(a) of the Bankruptcy Code.

13. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtors and their interests of its creditors and other parties in interest, is in the interest of the public and international comity, consistent with the public policy of the United States, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted. Absent the requested relief, the efforts of the Debtors and the Foreign Representative in conducting the CCAA Proceedings and the Sale Process may be frustrated by the actions of individual creditors, a result contrary to the purposes of chapter 15.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

14. The Verified Petition is granted.

15. The CCAA Proceedings are recognized as foreign main proceedings pursuant to section 1517 of the Bankruptcy Code and are entitled to the protections of 11 U.S.C. § 1520(a), including, without limitation, the application of the protection afforded by the automatic stay under 11 U.S.C. § 362 to the Debtors and to the Debtors' property that is within the territorial jurisdiction of the United States.

16. Nexii Building Solutions, Inc. is the duly appointed foreign representative of the Debtors within the meaning of 11 U.S.C. § 101(24), is authorized to act on behalf of the Debtors in these Chapter 15 Cases, and is established as the exclusive representative of the Debtors in the United States.

17. The Initial CCAA Order and the Amended and Restated Initial CCAA Order, including any and all existing and future extensions, amendments, restatements, and/or supplements authorized by the Canadian Court, are hereby given full force and effect, on a final basis, with respect to the Debtors and the Debtors' property that now or in the future is located within the territorial jurisdiction of the United States, including, without limitation staying the commencement or continuation of any actions against the Debtors or its assets (except as otherwise expressly provided herein or therein).

18. All objections, if any, to the Verified Petition or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

19. Upon entry of this order (this "Order"), the CCAA Proceedings and all prior orders of the Canadian Court shall be and hereby are granted comity and given full force and effect in the United States and, among other things:

a. the protections of sections 361, 362, and 365(e) of the Bankruptcy Code apply to the Debtors;

b. all persons and entities are enjoined from taking any actions inconsistent with the CCAA Proceedings and the Sale Process, and from seizing, attaching, and enforcing or executing liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

c. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof;

d. all persons and entities are enjoined from commencing any suit, action, or proceeding against the Debtors, the Foreign Representative, or any of their respective successors, directors, officers, agents, employees, representatives, advisors, or attorneys in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken in connection with these Chapter 15 Cases, the CCAA Proceedings, and the Sale Process; and

e. all persons and entities are enjoined from terminating or modifying an executory contract or unexpired lease at any time after the commencement of these Chapter 15 Cases solely because of a provision in such contract or lease is conditioned upon the commencement of the CCAA Proceedings or a case under the Bankruptcy Code.

20. The Foreign Representative and the Debtors shall be entitled to the full protections and rights enumerated under section 1521(a)(4) and (5) of the Bankruptcy Code, and accordingly, the Foreign Representative:

a. is entrusted with the administration or realization of all or part of the Debtors' assets located in the United States; and

b. has the right and power to examine witnesses, take evidence or deliver information concerning the Debtors' assets, affairs, rights, obligations, or liabilities.

21. All parties who believe they have a claim against any of the Debtors are obligated to file such claim in, and only in, the CCAA Proceedings.

22. All prior relief granted by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended, and that certain *Order Granting Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* [Docket No. __] (the "Provisional Relief Order") shall remain in full force and effect. To the extent there is any inconsistency between this Order and the Provisional Relief Order, the language in this Order shall control.

23. The Foreign Representative is hereby established as the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States, including, without limitation, making payments on account of the Debtors' prepetition and postpetition obligations.

24. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court.

25. No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the CCAA Proceedings, this Order, these Chapter 15 Cases, or any adversary proceeding herein, or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representative, including without limitation pursuant to sections 306 or 1510 of the Bankruptcy Code.

26. The banks and financial institutions with which the Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and administer the Debtors' bank accounts without interruption and in the ordinary course and to receive, process, honor and pay any and all such checks, drafts, wires and automatic clearing house transfers issued,

whether before or after the Petition Date and drawn on the Debtors' bank accounts by respective holders and makers thereof and at the direction of the Foreign Representative or the Debtors, as the case may be.

27. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

28. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules of this Court.

29. This Order is without prejudice to the Foreign Representative requesting any additional relief in the Chapter 15 Cases, including seeking recognition and enforcement by this Court of any further orders issued in the CCAA Proceedings.

30. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

31. A copy of this Order shall be served within five business days of entry of this order, by electronic mail to the extent email addresses are available and otherwise by U.S. mail, overnight or first-class postage prepaid, upon the Core Notice Parties (as defined in the *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*) and such other entities as the Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

32. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

33. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

34. This Order applies to all parties in interest in these Chapter 15 Cases and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

Dated: Wilmington, Delaware
_______________, 2024

_________________________________
UNITED STATES BANKRUPTCY JUDGE