# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEXII BUILDING SOLUTIONS INC., et al.,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 24-10026<br><br>(Joint Administration Requested) |

## MOTION FOR PROVISIONAL RELIEF
## PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE

Nexii Building Solutions, Inc. ("NBSI"), in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), which are the subject of jointly-administered proceedings (the "CCAA Proceedings") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA") in the Supreme Court of British Columbia (the "Canadian Court"), submits this motion (the "Motion"), pursuant to sections 105(a) and 1519 of title 11 of the United States Code (the "Bankruptcy Code") to the United States Bankruptcy Court for the District of Delaware (the "Court"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, granting provisional relief (the "Provisional Relief Order"), and specifically, rendering sections 361, 362, and 365(e) of the Bankruptcy Code applicable with respect to the Debtors and their property that is within the territorial jurisdiction of the United States pending recognition of the CCAA Proceedings.

---

[1]     The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Nexii Building Solutions Inc. (0911), Nexii Construction Inc. (1333), NBS IP Inc. (9930), and Nexii Holdings Inc. (5873). The Debtors' service address for purposes of these Chapter 15 Cases is 1455 West Georgia Street, #200, Vancouver, British Columbia V6G 2T3.

**Relief Requested**

1.  In support of the requested relief, the Foreign Representative respectfully incorporates the following herein by reference: the (a) *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 3] (the "Verified Petition"); the (b) *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 7] (the "Tucker Declaration")[2]; and the (c) *Declaration of Kibben Jackson in Support of Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* [D.I. 8] (the "Jackson Declaration"). The Foreign Representative further represents to the Court as follows:

**Preliminary Statement**

2.  On the date hereof (the "Petition Date"), the Foreign Representative filed the Verified Petition, seeking, among other things, recognition of its status as the Debtors' foreign representative, recognition of the CCAA Proceedings as "foreign main proceedings" under section 1517 of the Bankruptcy Code, and certain related relief. Entry of an order recognizing the CCAA Proceedings and granting the relief requested in the Verified Petition is a condition precedent to the Debtors' receipt of debtor in possession financing that is necessary to meet critical expenses and to conduct a process for the sale of the Debtors' business as a going concern (the "Sale Process"). Further, the relief

---

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the Tucker Declaration.

available through chapter 15 will prevent disruption of the CCAA Proceedings, which are intended to facilitate the Sale Process for the benefit of all stakeholders.

3. In order to provide the Debtors with the breathing room and stability necessary to implement the Sale Process, the Foreign Representative now seeks certain provisional relief between the date hereof and this Court's entry of the Foreign Representative's proposed order recognizing the CCAA Proceedings, and requests, among other things, that this Court immediately order the application of sections 361, 362, and 365(e) of the Bankruptcy Code to these Chapter 15 Cases. While the Debtors received relief from certain potential events of default pursuant to the Initial CCAA Order (as defined below), the Debtors may be exposed to potentially adverse action in the United States by certain creditors and other parties in interest who may disregard the "no default" provisions contained in the Initial CCAA Order.

4. Additionally, the Debtors' commencement of the CCAA Proceedings and these Chapter 15 Cases is, or may be asserted to trigger, an event of default under certain of the Debtors' critical executory contracts, which contain arguably unenforceable provisions permitting termination upon the Debtors' filing of a case under any section or chapter of the Bankruptcy Code. The provisional relief requested by the Debtors, which is generally afforded to debtors in chapter 15 recognition proceedings, is required to prevent individual creditors from acting to frustrate the purpose of the CCAA Proceedings and Sale Process by disregarding the Initial CCAA Order.

5. Indeed, chapter 15 of the Bankruptcy Code is intended to prevent precisely these negative effects on a debtor's restructuring in a foreign country by complementing and facilitating corporate rehabilitation in another country. Therefore, and for reasons further described herein, the

Foreign Representative respectfully submits that provisional relief is urgently needed to ensure there will not be disruption to the CCAA Proceedings, to prevent harm to the Debtors, and to aid the Debtors' restructuring.

**Jurisdiction and Venue**

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). The Foreign Representative confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. These Chapter 15 Cases have been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of petitions for recognition of the CCAA Proceedings under section 1515 of the Bankruptcy Code.

8. Venue is proper pursuant to 28 U.S.C. § 1410(1) and (3).

9. The bases for the relief requested herein are sections 105(a), 361, 362, 365, 1519, and 1521 of the Bankruptcy Code and rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Background**

## I. Effect of CCAA Proceedings and Chapter 15.

10. Absent the provisional relief requested herein, the commencement of the CCAA Proceedings and Chapter 15 Cases could have severe adverse consequences to the Debtors. First, if the Senior Secured Lenders were to enforce their rights under the Loan Agreement, the Accommodation Agreement, or the A&R Accommodation Agreement, it would be extremely destructive to the Debtors' business and value. In particular, the value and continuity of Nexii's contracts (which represents the majority of the Debtors' value) would be jeopardized and at risk in enforcement proceedings.

11. Second, all but one of NBSI's contracts are related to projects in the United States—representing substantial value that could be at risk absent the protections afforded to the Debtors under chapter 15 of the Bankruptcy Code. Failure to grant the Debtors the necessary protections afforded a chapter 15 debtor would severely jeopardize the Debtors' efforts to continue as a going concern and consummate a successful Sale Process.

## II. The CCAA Proceedings' No-Default Provisions.

12. On January 11, 2024, the Debtors commenced the CCAA Proceedings under the CCAA with the goal of effectuating the Sale Process. On January 11, 2024, the Supreme Court of British Columbia (the "Canadian Court") entered an interim order (the "Initial CCAA Order"). A true and correct copy of the Initial CCAA Order is attached to the Provisional Relief Order as Exhibit 1.

13. The Initial CCAA Order provides "no default" provisions. Specifically, paragraph 18 of the Initial CCAA Order states:

> The granting of this Order, the Application and any affidavits and other materials filed in support of the Application shall not, in in and of themselves, constitute a default or failure to comply by the Debtors under any statute, regulation, licence,

5

permit, contract, permission, covenant, agreement, undertaking or other written document or requirement.

Initial CCAA Order, ¶ 18.

## Relief Requested

14. Pursuant to sections 105(a), 1519, and 1521 of the Bankruptcy Code, the Foreign Representative respectfully requests that the Court enter the Provisional Relief Order, substantially in the form attached hereto as **Exhibit A**, granting the following provisional relief pending recognition of the CCAA Proceedings:

    a. Recognition and enforcement in the United States, on a provisional basis, of the Initial CCAA Order (and, once entered, the amended and restated initial order (the "Amended and Restated Initial CCAA Order")) providing for, among other things:[3]

        i. staying all proceedings and remedies taken or that might be taken in respect of the Debtors or any of their property for the Stay Period, to the same extent provided in the Initial CCAA Order;

        ii. approving the Interim Loan with the Senior Secured Lenders subject to the Term Sheet and Cash Flow Forecast;

        iii. authorizing the Debtors' use of their existing Cash Management System;

        iv. granting an Administration Charge and a Directors' Charge to the same extent provided in the Initial CCAA Order; and

        v. declaring that British Columbia is the "*center of main interest*" of the Debtors, to the same extent provided in the Initial CCAA Order.

    b. The Foreign Representative shall be the representative of the Debtors with full authority to administer the Debtors' assets and affairs in the United States.

    c. Section 361 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States.

    d. Section 362 of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States. For the avoidance of doubt and without

---

[3] Capitalized terms used in this section but not otherwise defined herein shall have the meanings ascribed to them in the Initial CCAA Order.

limiting the generality of the foregoing, the Provisional Relief Order shall impose a stay within the territorial jurisdiction of the United States of:

    i. The commencement or continuation, including the issuance or employment of process of, any judicial, administrative, or any other action or proceeding involving or against the Debtors or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative, or other judgment, assessment, order, lien or arbitration award against the Debtors or their assets or proceeds thereof, or to exercise any control over the Debtors' assets located in the United States except as authorized by the Foreign Representative in writing;

    ii. The creation, perfection, seizure, attachment, enforcement, or execution of liens or judgments against the Debtors' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Debtors' assets or agreements in the United States without the express consent of the Foreign Representative;

    iii. Any act to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases; and

    iv. The setoff of any debt owing to any of the Debtors that arose before the commencement of the Debtors' Chapter 15 Cases against any claim against of the Debtors.

e. For counterparties to certain of the Debtors' executory contracts and unexpired leases, section 365(e) of the Bankruptcy Code shall apply with respect to each of the Debtors and the property of each of the Debtors that is within the territorial jurisdiction of the United States.

f. The Foreign Representative shall have the rights and protections to which the Foreign Representative is entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of United States Courts over the Foreign Representative in accordance with section 1510 of the Bankruptcy Code and the granting of additional relief in accordance with sections 1519(a)(3) and 1521 of the Bankruptcy Code.

g. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the contrary, (i) the Provisional Relief Order shall be effective immediately and enforceable upon entry, (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in the Provisional Relief Order, and (iii) the Foreign Representative is authorized and empowered, and may, in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of the Provisional Relief Order.

**Basis for Relief**

15. The Foreign Representative has contemporaneously filed the Verified Petition seeking recognition and a ruling that the CCAA Proceedings are foreign main proceedings under section 1517 of the Bankruptcy Code. Section 1519 of the Bankruptcy Code permits the Court "from the time of filing a petition for recognition until [it] rules on the petition" to grant provisional relief pending recognition of the foreign proceeding where such relief is "urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a). Sections 1519(a)(1)-(3) of the Bankruptcy Code define the scope of available provisional relief, which includes:

   a. staying execution of the debtor's assets;

   b. entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy; and

   c. any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

16. The Foreign Representative seeks imposition of sections 361, 362, and 365(e) of the Bankruptcy Code for the purpose of maintaining the *status quo* until the Court rules on the Verified Petition. Accordingly, the Foreign Representative seeks provisional relief under sections 105(a) and 1519 of the Bankruptcy Code. The Foreign Representative intends to seek continuation of the stay via section 1521(a)(1) of the Bankruptcy Code upon the granting of foreign main recognition.

17. The provisional relief requested here is an "effective mechanism" to implement the chapter 15 policies of promoting cooperation between courts of the United States and courts of foreign countries involved in cross-border restructuring cases. The "fair and efficient administration of cross border [cases] that protects the interest of all creditors, and other interested entities," including the

Debtors, is essential to the "protection and maximization of the value of the [Debtors'] assets." 11 U.S.C. § 1501(a).

18. Furthermore, the provisional relief sought herein is of a type frequently granted in chapter 15 cases. Bankruptcy courts in the United States have routinely imposed the section 362 stay or ordered similar relief to maintain the *status quo* pending recognition or disposition of foreign proceedings in ancillary cases under both chapter 15 and section 304 of the Bankruptcy Code, including in respect of recognition proceedings that relate to restructurings of corporations in Canadian courts. *See, e.g.*, *In re NextPoint Financial Inc.*, Case No. 23-10983 (Bankr. D. Del. July 27, 2023) (granting provisional relief making section 362 of the Bankruptcy Code applicable on a limited basis); *In re Acerus Pharms. Corp.*, Case No. 23-10111 (Bankr. D. Del. January 31, 2023) (same); *In re Yatsen Grp. of Cos. Inc.*, Case No. 21-10073 (Bankr. D. Del. January 27, 2021) (same); *In re Hematite Holdings Inc.*, Case No. 20-12387 (Bankr. D. Del. Sept. 23, 2020) (same); *In re CDS U.S. Holdings, Inc.*, Case No. 20-11719 (Bankr. D. Del. July 2, 2020); *In re Essar Steel Algoma Inc.*, Case No. 15-12271(Bankr. D. Del. Nov. 10, 2016) (same).

### III. Provisional Relief Is Urgently Needed to Protect the Debtors' Assets and Restructuring Efforts.

19. The provisional relief is urgently needed here to protect the Debtors' assets and to protect the interests of creditors as a whole. *See* 11 U.S.C. § 1519(a). Although a "petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time," there is necessarily a gap between the time the petition for recognition is filed and the time the court makes a decision on whether a proceeding should be recognized. 11 U.S.C. § 1517(c). Prior to recognition, a chapter 15 debtor is not entitled to the automatic stay or any other provisions of the Bankruptcy Code,

which, in this case, necessitates an order granting provisional relief. Provisional relief should be granted "where relief is urgently needed to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1519(a).

20. Without the limited application of section 362, there is a real and significant risk that certain of the Debtors' stakeholders, many of whom have contacts with the United States and are subject to personal jurisdiction of this Court, may commence or continue to prosecute actions in the United States that are more properly the subject of the CCAA Proceedings or that could interfere with the Debtors' ability to continue as a going concern and the Sale Process. In particular, the Foreign Representative is concerned that creditors may try to take advantage of the Debtors' connections to the United States to take actions in the United States to interfere with the Canadian Court's ability to adjudicate the Sale Process, which would not only hinder the orderly administration of the Debtors' affairs but threaten to unravel the restructuring that the Debtors seek to implement pursuant to the CCAA Proceedings. This risk is precisely what provisional relief under section 1519 of the Bankruptcy Code is intended to address. *See, e.g.*, *In re Petition of Garcia Avila*, 296 B.R. 95, 114 (Bankr. S.D.N.Y. 2003) (finding that, under former section 304 of the Bankruptcy Code, irreparable harm would be caused by permitting creditors to execute judgments against bond proceeds because it would "diminish the recovery available to other creditors and possibly wreck the reorganization").

21. Additionally, as detailed above, counterparties to executory contracts (including the Debtors' critical customer contracts) who may not believe they are subject to the Initial CCAA Order, may allege events of default and take actions in the United States based on such alleged events of default, absent the relief requested herein. An action against any of the Debtors at this time will

10

LA:4864-9999-4777.1 60009.00001

severely impair the Debtors' restructuring efforts and result in damage to the value of its assets and harm to other creditors and other stakeholders.

## IV. The Requested Relief Meets the Standards for a Preliminary Injunction.

22. Provisional relief under chapter 15 of the Bankruptcy Code is conditioned on a foreign representative demonstrating that a debtor meets the standards applicable to an injunction. *See* 11 U.S.C. § 1519(e). In the Third Circuit, that standard requires a movant to show that: (a) it has a likelihood of success on the merits; (b) it will suffer irreparable harm if the requested injunction is denied; (c) granting preliminary relief will not result in greater harm to the nonmoving party; and (d) the public interest favors such relief. *U.S. v. Bell*, 414 F.3d 474, 478 n.2 (3d Cir. 2005) (citing *ACLU of N.J. v. Black Horse Pike Reg'l Bd. of Educ.*, 84 F.3d 1471, 1477 n.2 (3d Cir. 1996)); *In re Nortel Networks UK Ltd.*, 538 B.R. 699, 704-05 (Bankr. D. Del. 2015) (citing *U.S. v. Bell*, 414 F.3d 474, 478 n.2 (3d Cir. 2005)); *see also Rogers v. Corbett*, 468 F.3d 188, 192 (3d Cir. 2006) (citations omitted); *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citations omitted). The Foreign Representative satisfies the applicable standard.

      **a.    There Is a Substantial Likelihood of Recognition of the CCAA Proceedings as a Foreign Main Proceeding and Application of Requested Additional Bankruptcy Code Provisions.**

23. There is a compelling case for recognition of the CCAA Proceedings as a foreign main proceeding. It is clear that the CCAA Proceedings are a "foreign main proceeding" and NBSI is a "foreign representative" as those terms are defined in the Bankruptcy Code. In addition, these Chapter 15 Cases were duly and properly commenced by filing the verified chapter 15 petitions accompanied by all fees, documents, and information required by the Bankruptcy Code and the Bankruptcy Rules.

11

Upon recognition of the CCAA Proceedings as a foreign main proceeding, section 362 of the Bankruptcy Code will automatically apply in these Chapter 15 Cases pursuant to section 1520(a)(1) of the Bankruptcy Code. 11 U.S.C. § 1520(a)(1). Moreover, the application of section 365(e) on an interim basis, preventing contract counterparties from terminating their prepetition contracts with the Debtors, is entirely consistent with the injunctive relief afforded by the automatic stay under section 362.

### b. The Debtors Will Suffer Irreparable Harm Absent Provisional Relief.

24. Application of provisional relief pursuant to sections 362 and 365(e) of the Bankruptcy Code in these cases is critical to the prevention of irreparable damage to the Debtors' reorganization proceeding in Canada. These Chapter 15 Cases were commenced for the purpose of obtaining the assistance of this Court in respect of the Canadian Proceeding and to give effect in the United States to the Initial CCAA Order and subsequent orders of the Canadian Court. As noted in the Tucker Declaration and in the Verified Petition, the Debtors have assets in the United States, including valuable customer contracts. Unless the Provisional Relief Order is granted and all creditors and counterparties are enjoined, the Debtors face the risk that creditors may take enforcement actions to recover against its United States assets, as well as the risk that contract counterparties may attempt to terminate critical prepetition contracts. If creditors and other counterparties unilaterally pursue collection or enforcement efforts, such actions could diminish the value of the Debtors' assets and cause significant delay and disruption to the Debtors' restructuring process. The relief requested herein is necessary to protect against these risks. The purpose of chapter 15 is to provide such protection by, among other things, ensuring that all of a debtor's creditors are enjoined from taking action against the

debtor's assets, thereby preventing some creditors from getting an unfair advantage over others. *See* 11 U.S.C. § 1501. A number of courts have recognized the need to provide provisional relief in order to ensure the orderly distribution of a debtor's assets in a single proceeding and prevent piecemeal enforcement against a debtor's assets across multiple jurisdictions. *See, e.g., In re Energy Coal S.P.A.* 582 B.R. 619, 626-27 (Bankr. D. Del. 2018) (stating that harm to an estate exists where orderly determination of claims and fair distribution of assets are disrupted); *Victrix S.S. Co., S.A. v. Salen Dry Cargo, A.B.*, 825 F.2d 709, 713-14 (2d Cir. 1987) (same); *In re Banco Nacional de Obras y Servicios Publicos, S.N.C.*, 91 B.R. 661, 664 (Bankr. S.D.N.Y. 1988) (stating that injunctive relief is necessary "to prevent individual American creditors from arrogating to themselves property belonging to the creditors as a group"); *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988) (stating that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury").

      c.  **Provisional Relief Will Benefit Creditors.**

25.  In contrast to the hardships described above, preservation of the *status quo* through imposition of the automatic stay and prevention of contract termination while the Foreign Representative and the Debtors undertake the reorganization process in the Canadian Proceeding will not prejudice creditors. Indeed, creditors as a whole will benefit from such relief. The relief requested in this Motion is intended to be temporary, extending only through the disposition of the Verified Petition. Moreover, the Provisional Relief Order specifically provides that any creditor that believes it has been harmed by the provisional relief granted therein may file a motion with the Court seeking relief therefrom. Granting the request for provisional relief actually will benefit the Debtors' creditors

because it will ensure the value of the Debtors' assets is preserved, protected, and maximized for the benefit of and fair distribution to all creditors.

### d. Public Interest Favors Granting Provisional Relief.

26. As noted above, the requested interim relief is consistent with the policies underlying the Bankruptcy Code, including the provision of a breathing spell for a debtor and the equitable treatment of all creditors. Additionally, granting the requested relief is in the public interest because it will facilitate the Debtors' efforts to complete a court-supervised restructuring for the benefit of its creditors and other stakeholders—including those in the United States. *See Rehabworks, Inc. v. Lee (In re Integrated Health Servs., Inc.)*, 281 B.R. 231, 239 (Bankr. D. Del. 2002) ("In the context of a bankruptcy case, promoting a successful reorganization is one of the most important public interests."); *Am. Film Techs, Inc. v. Taritero (In re Am. Film Techs., Inc.)*, 175 B.R. 847, 849 (Bankr. D. Del. 1994) ("It is 'one of the paramount interests' of this court to assist the Debtor in its reorganization efforts.") (*quoting Gathering Rest., Inc. v. First Nat'l Bank of Valparaiso (In re Gathering Rest., Inc.)*, 79 B.R. 992, 1001 (Bankr. N.D. Ind. 1986)). Moreover, granting provisional relief is in the public interest because it promotes cooperation between jurisdictions in cross-border insolvencies, which is an express purpose of chapter 15 of the Bankruptcy Code. 11 U.S.C. § 1501(a).

27. For these reasons, courts in this circuit have frequently grant requests for similar provisional relief in chapter 15 cases. *See*, *e.g., CDS U.S. Holdings, Inc.*, No. 20-11719 (CSS) (Bankr. D. Del. July 2, 2020) (order granting provisional relief, including recognition and enforcement of the initial order entered in the CCAA proceeding and conditional recognition and enforcement of the amended and restated initial order, and application of sections 362, 364(e) and 365(e)); *In re The Aldo*

14

*Group, Inc.*, No. 20-11060 (KBO) (Bankr. D. Del. May 8, 2020) (same); *In re Energy Coal S.P.A.*, No. 15-12048 (LSS) (Bankr. D. Del. Oct. 7, 2015) (order granting provisional relief, including application of section 362); *In re Lone Pine Res. Inc.*, No. 13-12487 (BLS) (Bankr. D. Del. Sept. 26, 2013) (order granting provisional relief, including recognition and enforcement of the initial order entered in the CCAA proceeding, and application of section 362); *In re Catalyst Paper Corp.*, No. 12-10221 (PJW) (Bankr. D. Del. Jan. 19, 2012) (order granting provisional relief, including application of sections 362 and 365(e)); *In re Arctic Glacier Int'l Inc.*, No. 12-10605 (KG) (Bankr. D. Del. Feb. 23, 2012) (order granting provisional relief, including recognition and enforcement of the initial order entered in the CCAA proceeding, and application of sections 362, 364(e) and 365(e)).

## Notice

28. The Foreign Representative will provide notice of this Motion consistent with Bankruptcy Rule 2002(q) and Local Rule 9013-1(m). The Foreign Representative proposes to notify all creditors and parties in interest of the filing of the Petitions and the Foreign Representative's request for entry of an order granting the relief sought in the Verified Petition in the form and manner set forth in the *Motion for Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice*, filed contemporaneously herewith. The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## No Prior Request

29. No previous request for the relief requested herein has been made to this Court or any other court.

## Waiver of Federal Rule of Civil Procedure 65(c)

30. Bankruptcy Rule 7065 expressly provides that "a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c)." To the extent Rule 65 of the Federal Rules of Civil Procedure applies, the Foreign Representative believes that the security requirements imposed by Rule 65(c) are unwarranted under the circumstances and, accordingly, respectfully requests a waiver of such requirements pursuant to Bankruptcy Rule 7065.

WHEREFORE the Foreign Representative respectfully requests that this Court enter the Provisional Relief Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: January 11, 2024 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | |
| | */s/ Steven W. Golden* |
| | Steven W. Golden (DE Bar No. 6807) |
| | Colin R. Robinson (DE Bar No. 5524) |
| | Brooke E. Wilson (*pro hac vice* pending) |
| | 919 North Market Street, 17th Floor |
| | Wilmington, Delaware 19899-8705 |
| | Tel: 302-652-4100 |
| | Fax: 302-652-4400 |
| | sgolden@pszjlaw.com |
| | crobinson@pszjlaw.com |
| | bwilson@pszjlaw.com |
| | |
| | -and- |
| | |
| | **BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP** |
| | |
| | Nathan Q. Rugg (*pro hac vice* pending) |
| | Alexander F. Berk (*pro hac vice* pending) |
| | John Andreasen (*pro hac vice* pending) |
| | 200 West Madison Street, Suite 3900 |
| | Chicago, IL 60606 |
| | Tel.: (312) 984-3100 |
| | Fax: (312) 984-3150 |
| | nathan.rugg@bfkn.com |
| | alexander.berk@bfkn.com |
| | john.andreasen@bfkn.com |
| | |
| | *Attorneys for Foreign Representative* |

LA:4864-9999-4777.1 60009.00001