## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| NEXII BUILDING SOLUTIONS INC., et al.,[1] | Case No. 24-10026 |
| Debtors in a Foreign Proceeding. | (Joint Administration Requested) |

### MOTION FOR ORDER SCHEDULING RECOGNITION HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Nexii Building Solutions Inc., in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors"), which are the subject of jointly-administered proceedings (the "CCAA Proceedings") under the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36 (as amended, the "CCAA") in the Supreme Court of British Columbia (the "Canadian Court"), respectfully states as follows in support of this motion (this "Motion"):

### Relief Requested

1.    The Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):

    (a)    approving the proposed notice, annexed to the Order as Exhibit 1 (the "Recognition Hearing Notice"), which provides parties in interest notice of, among other things, the following:

        (i)    the Foreign Representative's filing of petitions for recognition under chapter 15 of the Bankruptcy Code (the "Chapter 15 Petitions") and related pleadings, including the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the

---

[1]    The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Nexii Building Solutions Inc. (0911), Nexii Construction Inc. (1333), NBS IP Inc. (9930), and Nexii Holdings Inc. (5873).  The Debtors' service address for purposes of these Chapter 15 Cases is 1455 West Georgia Street, #200, Vancouver, British Columbia V6G 2T3.

"<u>Verified Petition</u>");

(ii)     the Court's entry of a provisional order (the "<u>Provisional Order</u>") granting the *Motion for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code*;

(iii)    the deadline to object to final recognition of the CCAA Proceedings and the Court's entry of an order (the "<u>Final Order</u>") granting the relief sought in the Verified Petition (including an extension of the relief provided in the Provisional Order) on a final basis (the "<u>Recognition Objection Deadline</u>"); and

(iv)    the date, time, and location of the Recognition Hearing (defined below);

(b)    scheduling a hearing (the "<u>Recognition Hearing</u>") for the Court to consider final recognition of the CCAA Proceedings as foreign main proceedings and the other relief sought in the Verified Petition on a final basis;

(c)    approving the manner of service on the Master Service List (as defined below) of the Recognition Hearing Notice;

(d)    approving the manner of service on the Core Notice Parties (as defined below) of any pleadings that the Foreign Representative files hereafter in these Chapter 15 Cases; and

(e)    granting certain related relief.

**Background**

2.    On the date hereof, the Foreign Representative filed voluntary petitions for relief under chapter 15 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") for each of the Debtors in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"). A description of the Debtors' business and the events leading up to the commencement of the CCAA Proceedings and these Chapter 15 Cases is included in the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief Under*

*Chapter 15 of the Bankruptcy Code* (the "Tucker Declaration"),[2] filed concurrently herewith and fully incorporated herein by reference.

### Jurisdiction and Venue

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). The Foreign Representative confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      These Chapter 15 Cases have been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of petitions for recognition of the CCAA Proceedings under section 1515 of the Bankruptcy Code.

5.      Venue is proper pursuant to 28 U.S.C. § 1410(1) and (3).

6.      The statutory bases for the relief requested herein are sections 105(a), 1504, 1510, 1514, 1515, 1517, and 1521 of the Bankruptcy Code, rules 2002(l), 2002(m), 2002(p), 2002(q), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(m) of the Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Tucker Declaration.

## Basis For Relief

**I.     Form and Manner of Service of the Notice.**

7.     Bankruptcy Rule 2002(q)(1) provides that:

> . . . the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, [shall be given] at least 21 days' notice by mail of the hearing [on the petition for recognition of a foreign proceeding].

Fed. R. Bankr. P. 2002(q).  Bankruptcy Rule 2002(q), however, does not provide any additional details regarding the form and manner in which such notice must be given.  Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given.  Fed. R. Bankr. P. 2002(m), 9007.

**A.     Recognition Hearing Notice.**

8.     Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Recognition Hearing Notice by electronic mail to the extent email addresses are available and otherwise by United States mail or Canadian mail, first class postage prepaid within three (3) business days following entry of the Order and the Provisional Order, or as soon thereafter as is reasonably practicable, on: (a) the Debtors; (b) all persons or bodies authorized to administer foreign proceedings of the Debtors, including the Monitor; (c) all parties to litigation pending in the United States in which a Debtor is a party at the time of the filing of the Chapter 15 Petitions; (d) all parties against whom provisional relief is being sought under section 1519 of the Bankruptcy

Code, including all known creditors and contract counterparties of the Debtors in the United States; (e) all parties that hold equity in a Debtor with addresses that, according to the Debtors' books and records, are located in the United States; (f) parties that have appeared in the CCAA Proceedings as of the date of service of the relevant pleading or notice; (g) the Office of the United States Trustee for the District of Delaware; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Service List").

9.      The Recognition Notice will: (a) notify parties on the Master Service List of the filing of the Chapter 15 Petitions and certain related pleadings in the Chapter 15 Cases, including the Provisional Order, Verified Petition, the proposed Final Order, and the Initial CCAA Order in the CCAA Proceedings (collectively, the "Notice Documents"); (b) set forth the Recognition Objection Deadline and the date and time of the Recognition Hearing; (c) notify parties on the Master Service List that copies of the Notice Documents are available and may be examined (i) free of charge by contacting the Foreign Representative's U.S. counsel or (ii) downloaded for a fee from the Court's electronic docket at www.deb.uscourts.gov; and (d) provide a telephone number, address, and email address by which parties on the Master Service List may obtain documents filed in these Chapter 15 Cases, including the Notice Documents.

10.     A condensed form of the Recognition Hearing Notice (without exhibits), substantially in the form attached as **Exhibit 2** to the Order (the "Publication Notice"), will be published in the domestic edition of the *Wall Street Journal*. Accordingly, the Foreign Representative respectfully requests that this Court approve the Notice Documents and the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m),

2002(q)(1), and 9007.

**B.      Core Notice Parties**

11.      The Foreign Representative proposes to serve copies of the Notice Documents and other papers it files in these cases by electronic mail to the extent email addresses are available and otherwise by United States mail or Canadian mail, first class postage prepaid, on the following parties, or their counsel, if known: (a) the Debtors; (b) all persons or bodies authorized to administer foreign proceedings of the Debtors; (c) the Monitor; (d) the Senior Secured Lenders; (e) counterparties to the Debtors' United States-based contracts; (f) all parties to litigation pending in the United States in which a Debtor is a party at the time of the filing of the Chapter 15 Petitions; (g) the Deputy Attorney General of British Columbia; (h) the Office of the United States Trustee for the District of Delaware; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Core Notice Parties").

**C.      Objections to Chapter 15 Petitions and Verified Petition.**

12.      The Foreign Representative further requests that the Court require that objections or responses, if any, to the Chapter 15 Petitions, recognition of the CCAA Proceedings as foreign main proceedings, or to any of the other relief requested in the Verified Petition, (i) be in writing; (ii) detail the factual and legal basis for the response or objection; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and (iv) be filed with the Office of the Clerk of the Court, 824 N. Market Street, Third Floor, Wilmington, Delaware 19801, and served upon the following counsel so as to be received at least seven (7) days prior to

the Recognition Hearing: (i) Barack Ferrazzano Kirschbaum & Nagelberg LLP, 200 West Madison Street, Suite 3900 Chicago, Illinois 60606, Attn: Nathan Rugg; and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19801, Attn: Steven Golden and Colin Robinson.

    **D.**    **Recognition Hearing.**

    13.    The Foreign Representative requests that the Recognition Hearing be scheduled on or about February 5, 2024, or as soon thereafter as is convenient for the Court.

<u>**Basis for Relief**</u>

    14.    Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21-days' notice of a hearing to consider granting the relief requested in a chapter 15 petition. Fed. R. Bankr. P. 2002(q)(1). The notice also is required to state whether the petition seeks recognition as a foreign main proceeding or foreign nonmain proceeding, and include any other document that the court may require. *See id.*

    15.    Bankruptcy Rule 2002(m) and 9007 provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given. Fed. R. Bankr. P. 2002(m) and 9007. Further, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by the Foreign Representative. *See* 11 U.S.C. § 105(a) (stating that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]"); *see also* 11 U.S.C. § 103(a) (chapter 1 is applicable in a case under chapter 15).

16.    The Recognition Hearing Notice and the proposed manner of serving the Recognition Hearing Notice and related papers should be approved because they meet the requirements of Bankruptcy Rule 2002(q).  The proposed Master Service List comprises of all the parties required to be served under Bankruptcy Rule 2002(q) (and additional parties not required to be served by that rule), and the Foreign Representative intends to give such parties at least 21 days' notice by mail of the Recognition Hearing as required by the rule.  Additionally, the Recognition Hearing Notice states that the Foreign Representative is seeking recognition of the CCAA Proceedings as foreign main proceedings.

17.    Although the Foreign Representative does not believe Local Rule 9013-1(m) is applicable under the circumstances, the Foreign Representative further respectfully requests the Court to waive certain of the service requirements such Rule to the extent applicable.  Local Rule 9013-1(m)(iv) provides that:

> Within forty-eight (48) hours of the entry of an order entered under this Local Rule ("First Day Order"), the debtor or foreign representative shall serve copies of all motions and applications filed with the Court as to which a First Day Order has been entered, as well as all First Day Orders, on those parties referred to in Local Rule 9013-1(m)(iii), and such other entities as the Court may direct.

Del. Bankr. L.R. 9013-1(m)(iv).

18.    Local Rule 9013-1(m)(iii) states, in relevant part, that the foreign representative shall serve certain documents on "the United States Trustee, the creditors included on any list filed under Fed. R. Bankr. P. 1007(d) and any party directly affected by the relief sought." Del. Bankr. L.R. 9013-1(m)(iii).  Thus, Local Rule 9013-1 could be read to require service of the Notice Documents on the Debtors' entire creditor body as the proposed Provisional Order imposes a stay

as against all creditors and parties in interest.  Such a reading is inconsistent with Bankruptcy Rule 2002(q), which requires only that specified parties receive notice of the recognition hearing, and that such notice state whether the chapter 15 petition seeks recognition as a foreign main proceeding or a foreign nonmain proceeding and shall include the petition.

19.     Likewise, applying Local Rule 9013-1(m)(iv) to require service of the Provisional Order or other documents on all creditors would be inconsistent with the notice requirements of plenary U.S. bankruptcy cases under other chapters of the Bankruptcy Code.  In such cases, creditors typically only receive notice of the imposition of the stay when a short-form notice of commencement and section 341 meeting is mailed out several days or weeks into the case.  Here, the Recognition Hearing Notice fulfills a similar function in that it advises creditors and other parties in interests of, among other things, the existence of the stay provided in the Provisional Order and other key case facts and deadlines, as well as where to obtain additional information or documents free of charge.  Moreover, the Recognition Hearing Notice will be mailed to creditors and other parties in interest much sooner than a notice of commencement is typically sent in a chapter 11 case of similar size and complexity.  To require a foreign representative in a chapter 15 case to serve the debtor's entire creditor body with the first day motions and orders would impose greater burdens on chapter 15 debtors than debtors in chapter 11 cases, and serves no practical purpose under the circumstances.

20.     For these reasons, the Foreign Representative does not believe that Local Rule 9013-1(m) requires service of the Notice Documents on parties on the Master Service List; however, out of an abundance of caution, the Foreign Representative respectfully requests that, to

the extent applicable, the service requirements of Local Rule 9013-1(m) be waived in these Chapter 15 Cases.

21.     As set forth above, the Foreign Representative has satisfied the requirements of Bankruptcy Rule 2002(q).  In addition, service of the Notice Documents on all parties on the Master Service List, which comprises numerous creditors and other parties in interest, would be an unnecessary cost for the Foreign Representative and the Debtors.  Finally, parties on the Master Service List will not be prejudiced by the proposed service herein  because  the  Recognition Hearing Notice will clearly state where and how the Notice Documents may be obtained free of charge and, to the extent that email addresses are available, the Foreign Representative will incorporate the Notice Documents into the electronic service of the Recognition Hearing Notice. Thus, the form of Recognition Hearing Notice and the manner and timing of service comply with Bankruptcy Rule 2002(q), are appropriate in these Chapter 15 Cases and should be approved.

**Waiver of Requirements of Section 1514(c) of the Bankruptcy Code**

22.     The Foreign Representative respectfully requests that the Court waive, to the extent applicable, the requirements of section 1514(c) of the Bankruptcy Code, which provides as follows:

 (c) When a notification of commencement of a case is to be given to foreign creditors, such notification shall—

(1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim;

(2) indicate whether secured creditors need to file proofs of claim; and

(3) contain any other information required to be included in such notification to creditors under this title and the orders of the court.

11 U.S.C. § 1514(c).

23.     It is not clear, however, that section 1514 of the Bankruptcy Code has any

application in the context of an ancillary case under chapter 15 of the Bankruptcy Code. According

to Collier, section 1514 of the Bankruptcy Code is the "last in a series of sections dealing with the

international aspects of cases under chapters other than chapter 15." 8 COLLIER ON BANKRUPTCY

¶ 1514.01 (Alan N. Resnick, et al., 16th ed. rev. 2009).  Indeed, the requirements for notification

set forth in section 1514 are at variance with those requirements set forth under Bankruptcy Rule

2002(q) which clearly applies to a case under chapter 15 and with which the Foreign

Representative shall comply.

24.     Moreover, section 1514(c) applies only when a "notice of commencement" is

issued.  Under section 342(a) and Bankruptcy Rule 2002(f), a notice of commencement issues

upon the entry of an order for relief.  But there is no "order for relief" in a chapter 15 case, nor is

there a requirement to issue a notice of commencement as in other chapters under the Bankruptcy

Code. Furthermore, section 342 does not apply in chapter 15 cases.  *See* 11 U.S.C. § 103(a) (stating

that "sections 307, 362(o), 555 through 557, and 559 through 562 apply in a case under chapter

15").  For these reasons, the Foreign Representative does not believe that the requirements set forth

in section 1514 apply to these cases; however, out of an abundance of caution, the Foreign

Representative respectfully requests that, to the extent applicable, the notice requirements of

section 1514 of the Bankruptcy Code be waived in these Chapter 15 Cases.

25.     In any event, the Foreign Representative does not currently intend to conduct a

claims process in these Chapter 15 Cases; therefore, the requirements of section 1514(c) are not

applicable.  To the extent that there is a claims process established in the CCAA Proceedings, the Foreign Representative will comply with any relevant orders issued by the Canadian Court with respect to providing notice of any applicable deadlines or procedures for the filing of claims in the CCAA Proceedings.

### Notice

26.     The Foreign Representative requests that the Court grant this Motion without notice.  The Foreign Representative will serve notice of entry of the signed Order in accordance with the procedures set forth in this Motion.  In light of the nature of the relief requested, the Foreign Representative requests that this Court find that no further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE the Foreign Representative respectfully requests the Court enter the Order, in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as it deems just and proper.

Dated:  January 11, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*
Steven W. Golden (DE Bar No. 6807)
Colin R. Robinson (DE Bar No. 5524)
Brooke E. Wilson (*pro hac vice* pending)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705
Tel:  302-652-4100
Fax: 302-652-4400
sgolden@pszjlaw.com
crobinson@pszjlaw.com
bwilson@pszjlaw.com

-and-

**BARACK FERRAZZANO KIRSCHBAUM
& NAGELBERG LLP**

Nathan Q. Rugg (*pro hac vice* pending)
Alexander F. Berk (*pro hac vice* pending)
John Andreasen (*pro hac vice* pending)
200 West Madison Street, Suite 3900
Chicago, IL 60606
Tel.: (312) 984-3100
Fax: (312) 984-3150
nathan.rugg@bfkn.com
alexander.berk@bfkn.com
john.andreasen@bfkn.com

*Attorneys for Foreign Representative*