# EXHIBIT A

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| NEXII BUILDING SOLUTIONS INC., et al.,[1] | Case No. 24-10026 (JKS) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |

### ORDER (I) RECOGNIZING AND ENFORCING
### THE ANCILLARY ORDER, (II) APPROVING THE PROCEDURE GOVERNING
### CLOSING OF CHAPTER 15 CASES AND (III) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion") of Nexii Building Solutions,

Inc., in its capacity as the authorized foreign representative (the "Foreign Representative" or

"Foreign Representative") for the above-captioned foreign debtors (the "Debtors") in a

proceeding (the "CCAA Proceeding") commenced under Canada's *Companies' Creditors*

*Arrangement Act*, R.S.C. 1985, C-36, as amended, and pending before the Supreme Court of

British Columbia (the "Canadian Court"), for the entry of an order, pursuant to sections 105(a),

350, 1517(d), 1520, and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), (i)

recognizing and enforcing the Ancillary Order (defined below), (ii) approving the procedure

governing closing of these chapter 15 cases (the "Chapter 15 Cases") and (iii) granting related

relief; the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) venue is proper

in this Court and this District pursuant to 28 U.S.C. § 1410; and due and sufficient notice of the

Motion having been given; and it appearing that no other or further notice need be provided; and

that the relief requested is in the best interest of the Debtors, its creditors, and other parties in

---

[1]     The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Nexii Building Solutions Inc. (0911), Nexii Construction Inc. (1333), NBS IP Inc. (9930), and Nexii Holdings Inc. (5873).  The Debtors' service address for purposes of these Chapter 15 Cases is 1455 West Georgia Street, #200, Vancouver, British Columbia V6G 2T3.

interest in the Chapter 15 Case; and all creditors and other parties in interest, including the Debtors, are sufficiently protected in the grant of relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Ancillary Order, a copy of which is attached hereto as <u>Exhibit 1</u>, is hereby recognized and enforced and given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to sections 1521, 1525, and 1527 of the Bankruptcy Code.

3.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative or the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

4.      The Foreign Representative is authorized to seek entry of an order closing these Chapter 15 Cases by filing and serving a Notice of Full Administration, subject to a thirty (30) day objection period after service of the Notice of Full Administration.  If no objections are filed upon the expiration of the thirty (30) day objection period, the Foreign Representative may file a certificate of no objection along with the Proposed Case Closing Order for entry by the Court.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**EXHIBIT B**

Notice of Full Administration

DE:4895-3243-6684.3 60009.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| NEXII BUILDING SOLUTIONS INC., et al.,[1] | Case No. 24-10026 (JKS) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |
| | **Re: D.I. ___** |

**NOTICE OF FULL ADMINISTRATION OF CHAPTER 15 CASES**

 **PLEASE TAKE NOTICE** that on [●], 2024, the Foreign Representative[2] filed the *Motion for Entry of Order (I) Recognizing and Enforcing Ancillary Order, (II) Approving the Procedure Governing Closing of Chapter 15 Cases, and (III) Granting Related Relief* [Docket No. ●] (the "Motion").

 **PLEASE TAKE FURTHER NOTICE** that on [●], 2024, the Court entered the *Order (I) Recognizing and Enforcing Ancillary Order, (II) Approving the Procedure Governing Closing of Chapter 15 Cases, and (III) Granting Related Relief* [Docket No. ●] (the "Recognition Order").

 **PLEASE TAKE FURTHER NOTICE** that on [●], 2024, KSV Restructuring Inc., in its capacity as the court-appointed monitor in the CCAA Proceedings (the "Monitor") filed a *Monitor's Certificate* in the CCAA Proceedings. Information on the CCAA Proceedings and documents filed therein, including the *Monitor's Certificate*, reports from the Monitor, and motion materials, can be found on the Monitor's website at https://www.ksvadvisory.com/experience/case/nexii.

 **PLEASE TAKE FURTHER NOTICE** that the Recognition Order authorizes the Foreign Representative to seek entry of an order closing these Chapter 15 Cases by filing and serving this Notice of Full Administration, subject to a thirty (30) day objection period from the date of service of this Notice of Full Administration.

 **PLEASE TAKE FURTHER NOTICE** that all sale transactions in the CCAA Proceedings have occurred and the CCAA Proceedings have been terminated. Therefore, these Chapter 15 Cases have been fully administered.

 **PLEASE TAKE FURTHER NOTICE** that objections, if any, to entry of the Proposed Case Closure Order must be made by [●]. All objections must: (a) be in writing, (b) set forth the factual and legal bases for the objection in detail, (c) be filed with the United States Bankruptcy Court for the District of Delaware, Office of the Clerk of the Court, 824 Market Street, Third Floor, Wilmington, Delaware 19801, and (d) be served upon counsel for the Foreign Representative, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE, 19801 Attn: Steven W. Golden (sgolden@pszjlaw.com) and Colin R. Robinson (crobinson@pszjlaw.com) and Barack Ferrazzano Kirschbaum & Nagelberg LLP, 200 W. Madison Street, Suite 3900, Chicago, IL 60606 Attn: Nathan Q.

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each Debtor's unique identifier, are Nexii Building Solutions Inc. (0911), Nexii Construction Inc. (1333), NBS IP Inc. (9930), and Nexii Holdings Inc. (5873). The Debtors' service address for purposes of these Chapter 15 Cases is 1455 West Georgia Street, #200, Vancouver, British Columbia V6G 2T3.

[2] Capitalized terms not defined in this Notice have the meanings given to them in the Motion.

Rugg (nrugg@bfkn.com) and Alexander F. Berk (aberk@bfkn.com), so as to be **actually received on or before [●], 2024 at 4:00 p.m. (ET)**.

**PLEASE TAKE FURTHER NOTICE THAT IF NO RESPONSES OR OBJECTIONS ARE RECEIVED IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE FOREIGN REPRESENTATIVE WITHOUT FURTHER NOTICE OR HEARING UPON FILING OF CERTIFICATION OF NO OBJECTION.**

Dated:  [●], 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/*
Steven W. Golden (DE Bar No. 6807)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Tel:  302-652-4100
Fax: 302-652-4400
sgolden@pszjlaw.com
crobinson@pszjlaw.com

-and-

**BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP**

Nathan Q. Rugg (admitted *pro hac vice*)
Alexander F. Berk (admitted *pro hac vice*)
200 West Madison Street, Suite 3900
Chicago, IL 60606
Tel.: (312) 984-3100
Fax: (312) 984-3150
nathan.rugg@bfkn.com
alexander.berk@bfkn.com

*Attorneys for Foreign Representative*

# **EXHIBIT C**

Proposed Case Closing Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| NEXII BUILDING SOLUTIONS INC., | Case No. 24-10026 |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| NEXII CONSTRUCTION INC., | Case No. 24-10027 |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| NBS IP INC., | Case No. 24-10028 |
| Debtor in a Foreign Proceeding. | |
| In re: | Chapter 15 |
| NEXII HOLDINGS INC., | Case No. 24-10025 |
| Debtor in a Foreign Proceeding. | |

## ORDER CLOSING CHAPTER 15 CASES

Upon consideration of the *Motion for Entry of Order (I) Recognizing and Enforcing Ancillary Order, (II) Approving the Procedure Governing Closing of Chapter 15 Cases, and (III) Granting Related Relief* [Docket No. ●] of Nexii Building Solutions, Inc., in its capacity as the authorized foreign representative (the "Foreign Representative" or "Foreign Representative") for the above-captioned foreign debtors (the "Debtors") in a proceeding (the "CCAA Proceeding") commenced under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, C-36, as amended, and pending before the Supreme Court of British Columbia (the "Canadian Court"); and upon consideration of any responses or oppositions to the Motion, and

after due and sufficient notice of and hearing on the Motion; and upon entry by this Court of the *Order (I) Recognizing and Enforcing Ancillary Order, (II) Approving the Procedure Governing Closing of Chapter 15 Cases, and (III) Granting Related Relief* [Docket No. ●] (the "Recognition Order"), granting the Foreign Representative, among other relief, the authority to submit this Order upon the filing and service of the Notice of Full Administration (in substantially the form attached to the Motion as Exhibit B) and the expiration of a thirty (30) day objection period; and the Foreign Representative having filed such Notice of Full Administration on [●], 2024 [D.I. [●]]; and the Recognition Order being a final, non-appealable order not subject to a stay; and a hearing having been held, if applicable, to consider the relief considered herein; and it appearing that such relief is in the best interests of the Debtors and other parties in interest in these Chapter 15 Cases; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (c) venue is proper in this Court and this District pursuant to 28 U.S.C. § 1410; and due and sufficient notice of the Motion, Final Report, and Recognition Order having been given; and it appearing that no other or further notice need be provided; and that the relief requested is in the best interest of the Debtors, its creditors, and other parties in interest in the Chapter 15 Case; and all creditors and other parties in interest, including the Debtors, are sufficiently protected in the grant of relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    These Chapter 15 Cases have been fully administered.  In accordance with sections 350(a) and 1517(d) of the Bankruptcy Code, Bankruptcy Rule 5009(c) and Local Rule 5009-2(a), the jointly administered Chapter 15 Cases styled *In re Nexii Building Solutions, Inc.*,

*et al.* Case No. 24-10026, are closed effective immediately as of the date of entry of this Order. The Clerk of the Court is hereby respectfully directed to close the above-captioned cases.

2.      The Recognition Order, as supplemented by the Notice of Full Administration, collectively referred to in this Order as the "Final Report," satisfies the requirement of Bankruptcy Rule 5009(c) and the Motion satisfies the requirement of a written motion for decree closing the Chapter 15 Cases under Local Rule 5009-2.

3.      This Order is without prejudice to the right of the Foreign Representative to seek an order reopening these Chapter 15 Cases under section 350(b) of the Bankruptcy Code or Local Rule 5009-2(a).

4.      All orders entered by this Court in these Chapter 15 Cases shall continue in full force and effect and survive entry of this Order.

5.      This Court shall retain jurisdiction with respect to the implementation, enforcement, amendment or modification of this Order, the Recognition Order and any other request for additional relief in or related to the Chapter 15 Cases.

## Exhibit 1

### Ancillary Order

SUPREME COURT
OF BRITISH COLUMBIA
VANCOUVER REGISTRY

JUN 2 8 2024

ENTERED

No. S240195
Vancouver Registry

### IN THE SUPREME COURT OF BRITISH COLUMBIA

### IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, RSC 1985, c C-36, as amended

**and**

### IN THE MATTER OF NEXII BUILDING SOLUTIONS INC., NEXII CONSTRUCTION INC, NBS IP INC., NEXII HOLDINGS INC., 4540514 CANADA INC., 1061660 B.C. LTD., 0592286 B.C. LTD, 0713447 B.C. LTD, AND 0597783 B.C. LTD

**PETITIONERS**

### ANCILLARY ORDER

| | | |
|---|---|---|
| BEFORE THE HONOURABLE | ) | |
| | ) | June 28, 2024 |
| JUSTICE STEPHENS | ) | |

ON THE APPLICATION of KSV Restructuring Inc., in its capacity as the Court-appointed Monitor (in such capacity the "**Monitor**"), coming on for hearing at Vancouver, British Columbia, on the 28th day of June, 2024; AND ON HEARING from counsel of the Monitor, Michael Shakra and Andrew Froh, and those other counsel listed on **Schedule "A"** hereto, and no one else appearing although duly served; AND UPON READING, the material filed, including the Third Report of the Monitor dated June 24, 2024 (the "**Third Report**"); AND PURSUANT TO the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**"), the British Columbia *Supreme Court Civil Rules*, and the inherent jurisdiction of this Court;

## THIS COURT ORDERS AND DECLARES THAT:

1.    Capitalized terms used in this Order and not otherwise defined herein shall have the meaning ascribed to them in the: (i) Initial Order of Justice Stephens made on January 11, 2024 (the "**Initial Order**"), as amended by the Order of Justice Stephens dated January 22, 2024 (the "**Amended and Restated Initial Order**"); or (ii) the First Report (as defined in the Amended and Restated Initial Order), the Second Report of the Monitor dated April 19, 2024 (the "**Second Report**") and the Third Report, as the case may be.

2.    The time for service of this Notice of Application and supporting materials is hereby abridged such that the Notice of Application is properly returnable today.

**APPROVAL OF ACTIVITIES AND FEES**

3.  The activities of the Monitor as described in the First Report, the Second Report and the Third Report are hereby approved; provided however that only KSV Restructuring Inc. in its personal capacity and only with respect to its own personal liability, shall be entitled to rely upon or utilize in any way such approval.

4.  The Monitor's fees and disbursements in the aggregate amount of CAD $ 587,284.18 plus applicable taxes, for the period from January 1, 2024 to May 31, 2024, as set out in Third Report, be and are hereby approved.

5.  The fees and disbursements of the Monitor's legal counsel, Bennett Jones LLP (**"Bennett Jones"**) in the aggregate amount of CAD $689,476.54, plus applicable taxes, for the period from January 11, 2024 to June 18, 2024 as set out in the Third Report, be and are hereby approved.

6.  The Monitor's and Bennett Jones' estimated aggregate future fees and disbursements up $250,000 to the CCAA Termination Time, as outlined in the Third Report, are hereby approved.

**TERMINATION OF CCAA PROCEEDINGS**

7.  Upon service by the Monitor of an executed certificate substantially in the form attached hereto as **Schedule "B"** (the **"Monitor's Termination Certificate"**) on the service list in these CCAA Proceedings (**"Service List"**) certifying that, to the best of the knowledge and belief of the Monitor, all matters to be attended to in connection with the CCAA Proceedings have been completed, the within CCAA Proceedings shall be terminated without any further act or formality (the **"CCAA Termination Time"**), save and except as provided in this Order, and provided that nothing herein impacts the validity of any Orders made in these CCAA Proceedings or any actions or steps taken by any Person (as defined in the Initial Order).

8.  The Monitor is hereby directed to file a copy of the Monitor's Termination Certificate with the Court and post a copy of the Monitor's Termination Certificate on its website as soon as is practicable following the CCAA Termination Time.

9.  Each of the Charges set out in paragraph 43 of the Amended and Restated Initial Order shall terminate effective as of the CCAA Termination Time, without any further act or formality.

**DISCHARGE OF THE MONITOR**

10. Effective at the CCAA Termination Time, KSV Restructuring Inc. shall be and is hereby discharged from its duties as the Monitor and shall have no further duties, obligations or responsibilities as Monitor from and after the CCAA Termination Time, provided that,

notwithstanding its discharge as Monitor, KSV Restructuring Inc. shall have the authority to carry out, complete or address any matters in its role as Monitor that are ancillary or incidental to these CCAA Proceedings or the Transaction following the CCAA Termination Time, as may be required or appropriate ("**Monitor Incidental Matters**").

11.     Notwithstanding any provision of this Order, the Monitor's discharge or the termination of these CCAA proceedings, nothing herein shall affect, vary, derogate from, limit or amend, and the Monitor shall continue to have the benefit of, all of the rights, approvals and protections in favour of the Monitor at law or pursuant to the CCAA, the Initial Order, or any other Order of this Court in these CCAA proceedings or otherwise, all of which are expressly continued and confirmed following and after the CCAA Termination Time, including in connection with any Monitor Incidental Matters and other actions taken by the Monitor following the CCAA Termination Time with respect to the Petitioners or these CCAA proceedings.

12.     No action or other proceeding shall be commenced against the Monitor in any way arising from or related to its capacity as Monitor, including in connection with any Monitor Incidental Matters taken after the CCAA Termination Time, except with prior leave of this Court on not less than fifteen (15) days prior notice to the Monitor.

**RELEASE**

13.     Effective as of the CCAA Termination Time, KSV Restructuring Inc. (whether in its capacity as Monitor or otherwise), the DIP Lenders, the Secured Lenders, counsel to the Monitor, counsel to the Petitioners and counsel to the DIP Lenders and each of their respective affiliates, partners, employees and agents, the Petitioners and its employees, and current and former officers and directors, as applicable, (collectively, the "**Nexii Directors and Officers**") (the aforementioned, collectively, the "**Released Parties**") be and are hereby released and discharged from any and all claims that any person may have or be entitled to assert against the Released Parties, whether known or unknown, matured or unmatured, foreseen or unforeseen, existing or hereafter arising, based in whole or in part on any action or omission, transaction, dealing or other occurrence existing or taking place on or prior to the date of the filing of the Monitor's Termination Certificate in any way relating to or arising out of the assets, obligations, business or affairs of the Petitioners or in respect of these CCAA Proceedings (the "**Released Claims**" and each a "**Released Claim**") and any such Released Claims are hereby released, stayed, extinguished and forever barred, with prejudice, and the Released Parties shall have no liability in respect thereof, provided however that Released Claims shall not include any claim arising out of gross negligence or willful misconduct on the part of the Released Parties.

14.     Any Released Claim asserted against the Nexii Directors and Officers that is covered by the D&O Policy (as defined in the first affidavit of William Tucker sworn January 10, 2024) (each an "**Insured Claim**"), but only to the extent of any such available insurance, shall not be compromised, released, discharged, cancelled or barred by this Order, and any

person having an Insured Claim shall be irrevocably limited to recovery in respect of such Insured Claim solely from the proceeds of the applicable insurance policies, and persons with Insured Claims shall have no right to, and shall not, directly or indirectly, seek any recoveries in respect thereof from the Nexii Directors and Officers, other than enforcing such person's rights to be paid by the applicable insurer(s) from the proceeds of the applicable insurance policies.

15.  Nothing in this Order, including, without limitation, the releases of the Nexii Directors and Officers provided for herein, shall have any effect on any rights, remedy, suit or proceeding against any personal indemnitor or guarantor in respect of any indemnity or guarantee made by such Nexii Directors and Officers in his or her personal capacity

16.  Notwithstanding any other provision of this Order, nothing in this Order shall waive, discharge, release, cancel or bar any claim against the Released Parties that is not permitted to be released pursuant to s. 5.1(2) of the CCAA.

## STAY EXTENSION

17.  The Stay Period granted in paragraph 16 of the Amended and Restated Initial Order, as extended pursuant to paragraph 3 of the Ancillary Order dated April 26, 2024, is hereby extended to the earlier of: (a) the CCAA Termination Time; and (b) August 31, 2024.

## GENERAL

18.  The Petitioners or the Monitor may apply to the Court as necessary to seek further orders and directions to give effect to this Order.

19.  Endorsement of this Order by counsel appearing, other than counsel for the Monitor, is hereby dispensed with.

20.  THIS COURT HEREBY REQUESTS the aid and recognition of any court, tribunal and regulatory or administrative bodies, having jurisdiction in Canada or in the United States of America, including the United States Bankruptcy Court overseeing the Petitioners' proceedings under Chapter 15 of the Bankruptcy Code in Case No. 24-10026-JKS, or in any other foreign jurisdiction, to give effect to this Order and to assist the Petitioners or the Additional Petitioners, the Monitor, and their respective agents in carrying out the terms of this Order. All courts, tribunals and regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Petitioners, the Additional Petitioners and the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Petitioners, the Additional Petitioners and the Monitor and their respective agents in carrying out the terms of this Order.

THE FOLLOWING PARTIES APPROVE THE FORM OF THIS ORDER AND CONSENT TO EACH OF THE ORDERS, IF ANY, THAT ARE INDICATED ABOVE AS BEING BY CONSENT:

ENDORSEMENTS ATTACHED

Signature of
☐ Party    ☑ Lawyer for KSV
Restructuring Inc.

Bennett Jones LLP
(Michael Shakra)

BY THE COURT

_____
REGISTRAR



### Schedule "A"

**List of Counsel**

| NAME | PARTY |
|---|---|
| Michael Shakra and Andrew Froh | The Monitor, KSV Restructuring Inc. |
| Kyle Plunkett (MS Teams) | Powerscourt Investments XXV, LP, Trinity Capital Inc., Powerscourt Investments XXV Trust, Horizon Technology Finance Corporation and Horizon Credit II LLC |
| Vicki Tickle | Counsel to the Purchaser Parties, Nexiican Holdings Inc. and Nexii, Inc. |

Schedule "B"

**Form of Monitor's Certificate**

No S240195
Vancouver Registry

## IN THE SUPREME COURT OF BRITISH COLUMBIA

### IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT,* RSC 1985, c C-36, as amended

**and**

### IN THE MATTER OF NEXII BUILDING SOLUTIONS INC., NEXII CONSTRUCTION INC, NBS IP INC., NEXII HOLDINGS INC., 4540514 CANADA INC., 1061660 B.C. LTD., 0592286 B.C. LTD, 0713447 B.C. LTD, AND 0597783 B.C. LTD.

**PETITIONERS**

**MONITOR'S CERTIFICATE**

1.  Capitalized terms used but not otherwise defined in this Monitor's Certificate shall have the meaning given to them in the Order of the Supreme Court of British Columbia (the "**Court**") pronounced on June 28, 2024 (the "**Ancillary Order**").

2.  Pursuant to an Order of the Court pronounced January 11, 2024 (the "**Initial Order**"), KSV Restructuring Inc. was appointed as the monitor (in such capacity, the "**Monitor**") of the Petitioners. The proceedings commenced therein are hereinafter referred to as the "**CCAA Proceedings**".

3.  Pursuant to the Approval and Vesting Order, the Court ordered that the within CCAA Proceedings shall be terminated without any further act or formality (the "**CCAA Termination Time**") upon, among other things, the delivery by the Monitor on the service list in these CCAA Proceedings ("**Service List**") of this Monitor's Certificate certifying that, to the best of the knowledge and belief of the Monitor, all matters to be attended to in connection with the CCAA Proceedings have been completed

**THE MONITOR HEREBY CERTIFIES as follows:**

1.  To the best of its knowledge, all the remaining matters to be attended to in connection with the CCAA Proceedings have been completed

**Dated at the City of Vancouver, in the Province of British Columbia, this [*] day of [*], 2024.**

KSV Restructuring Inc., in its capacity as the Court-appointed Monitor of the Petitioners and not in its personal capacity.

_____

Name:

Title:

No. S240195
Vancouver Registry

IN THE SUPREME COURT OF BRITISH COLUMBIA

IN THE MATTER OF THE COMPANIES'
CREDITORS ARRANGEMENT ACT,
R.S.C. 1985, c. C-36, AS AMENDED

AND

IN THE MATTER OF NEXII BUILDING SOLUTIONS
INC.,
NEXII CONSTRUCTION INC, NBS IP INC., NEXII
HOLDINGS INC., 4540514 CANADA INC., 1061660 B.C.
LTD., 0592286 B.C. LTD, 0713447 B.C. LTD, AND 0597783
B.C. LTD.

PETITIONERS

**<u>ANCILLARY ORDER</u>**